WILLIAM VELLEKOUP v. D. FULLERTON & CO.

Argued June 1, 1909—Decided December 22, 1909.

1. The injury occasioned to the plaintiff by his stepping into an open elevator shaft was the result (*a*) of the act of a fellow-servant in removing the elevator without warning, and (*b*) of the negligence of the plaintiff in not looking to see if the elevator platform was there, for neither of which the defendant was liable.
2. A written release of a claim for personal injuries unless obtained by fraud or deceit is a complete bar to an action for such injuries.
3. The invalidity of such a release must be rested in a court of law upon the fraud or deceit of the defendant in procuring its execution and not upon the failure of the plaintiff to appreciate the effect of his act in signing it.
4. *Fivey* v. *Pennsylvania Railroad Co.*, 38 *Vroom* 627, and *Zdancewicz* v. *Burlington County Traction Co.*, 48 *Id.* 10, followed; *Burik* v. *Dundee Woolen Co.* questioned.
5. Evidence *held* insufficient to go to the jury upon the question whether or not a release was obtained by fraud or deceit.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and PARKER.

For the plaintiff, *Michael Dunn.*

For the defendant, *Walter R. Hudson* and *James G. Blauvelt.*

The opinion of the court was delivered by

GARRISON, J. The plaintiff recovered a verdict for damages for personal injuries sustained under the following circumstances:

The plaintiff, who was an employe of the defendant, was using the elevator in the latter's place of business to bring two barrels of lard from the top floor of the building to the first floor. When the elevator had stopped at the first floor, the plaintiff rolled one of the barrels off the platform, and

having been ordered to clear the elevator, went back to get the other barrel, and, not observing that the elevator was no longer there, stepped into the open shaft. The uncontradicted testimony of the person who had removed the elevator showed that it was done by a salesman of the defendant who, having a truckload of stuff on the second floor, moved the elevator up to that floor, and was in the act of descending when he heard the cry that "somebody fell down the hole." These circumstances created no liability on the part of the defendant. The plaintiff, by virtue of more than a year's use of the elevator, was familiar with its uses and operation and with the presence or absence of safeguards, while the conditions as to light, whether natural or artificial at the time of the accident, were, of course, perfectly obvious to him. If the proximate cause of his accident was the removal of the elevator by a fellow-servant without warning, a contributing cause without which the accident would not have happened was the failure of the plaintiff to look in order to see whether the elevator platform on which he proposed to step was there to be stepped on. That this was a negligent act directly contributing to the accident cannot, I think, be questioned; some degree of observation was required of him.

The case therefore either presented no negligence of the master or none that was not known to and accepted by the plaintiff as incident to his employment which, in legal effect, included the negligence of a fellow-servant; while on the other hand, the plaintiff was beyond question negligent in not looking to see where he was stepping. The motion for the direction of a verdict should have prevailed.

There was error also in the manner in which the trial court dealt with the plaintiff's written release of his cause of action. The execution, acknowledgment and delivery of such an instrument having been established, the legal effect of such documentary proof was for the court in the absence of testimony from which the jury could find that the execution of the release had been procured by fraud or deceit practiced upon the plaintiff by the defendant. There was no such testimony, and no such question was submitted to the jury. The testi-

mony went no further than to show that the plaintiff could not read writing and had not read the paper that he signed, that it was not read to him; that its purport was not explained to or understood by him, and was, in fact, misunderstood by him.

Upon this testimony the question that was submitted to the jury was whether or not the plaintiff understood that he was signing a release of his right of action against the defendant— an irrelevant matter.

The ground moreover stated by the court for denying the direction of a verdict, viz., that the jury might find that the plaintiff was ignorant of the effect of the release signed by him, presents the same irrelevancy. On this rule to show cause the course pursued at the trial is justified by reference to a single case, viz., *Burik* v. *Dundee Woolen Co.*, 37 *Vroom* 420, which, if it lays down the doctrine for which it is cited, must be deemed to be overruled by the later cases of *Fivey* v. *Pennsylvania Railroad Co.*, 38 *Id.* 627, in the Court of Errors and Appeals, and the case of *Zdancewicz* v. *Burlington County Traction Co.*, 48 *Id.* 10, in this court.

These cases conclusively hold that in a court of law a release such as that executed by the plaintiff is a complete bar to an action for damages unless procured by fraud or deceit.

The present case is barren of any testimony that would have supported a finding by the jury that the plaintiff's execution of the release had been procured by fraud or imposition if that question had been submitted to them, which it was not.

The finding of the jury that the plaintiff did not understand that he was signing a release, which was the matter submitted to them by the charge, is immaterial upon the question of the validity and effect of the release.

The state of the proofs at the close of the case was such that the defendant's motion for a direction should have been granted.

The rule to show cause will be made absolute.