SALINA O'DONNELL et al.

*v.*

CATHERINE McCANN et al.

[Decided March 10th, 1910.]

1. If any circumstance occurs after bill filed which does not abate the suit and occasions an alteration in the interest of any party or renders it necessary that new parties should be brought before the court, the proper method of proceeding is by supplemental bill; and such a bill may be filed by a defendant, if his interests so require.

2. The recovery of a legacy by one entitled thereto will not defeat the claim of a creditor even though he has been barred of his action against the executor, for, if he has been so barred, he may recover his debt out of the legacy and from the legatee.

3. Legatees succeed to the estate of the testator as beneficiaries and objects of his bounty and have no rights or equities whatever as against creditors.

4. The rule to limit creditors and the decree barring creditors, provided for by the Orphans Court act, operate only to protect the executor from molestation by belated claims of creditors, to the end that the estate of a decedent may be speedily settled; and the provisions mentioned do not operate as a statute of limitation against the claims of creditors.

5. The prohibition contained in section 76 of the Orphans Court act which prevents an executor or administrator *cum testamento annexo*, who has neglected to enter a rule to limit creditors and to proceed thereon according to law, that is, take a decree to bar creditors and settle the estate, from pleading want of assets in abatement in a suit for a legacy, unless a suit brought within a year from the grant of probate or administration be pending on a claim against the estate, will not be permitted to work a recovery of a legacy and a debt out of such personal representative beyond assets available for their payment.

6. Although an executor or administrator *cum testamento annexo* is unable to plead want of assets in abatement in a suit for the recovery of a legacy when he has not taken a rule to limit creditors and proceeded thereon according to law, such neglect is not visited with the penalty of payment of the legacy and of the debt too, when there are not sufficient assets of the estate to pay and discharge both.

7. This court will not restrain the prosecution of an action at law where the defence can as well be made in the court in which the action is pending as in a court of equity.

8. By refraining from exercising his right of retainer an executor who is an alleged creditor of his decedent's estate does not thereby mislead a legatee in any way whereby an equitable estoppel is raised against such creditor in his lifetime or his personal representative after his decease.

9. Defendants to a supplemental bill can be brought into court and compelled to answer by subpoena *ad respondendum* only, and such a bill which contains no prayer for process of subpoena is defective, but may be amended in that regard.

10. Chancery will not distribute to legatees a fund in the hands of an executor or administrator, in the face of an adverse claim against the estate which would consume the fund, without affording the claimant an opportunity of being heard with respect to the disposition of the fund.

11. *Quaere.* Does not a suit in chancery for the recovery of a legacy draw to it the claims of creditors of the deceased so that the court may administer the estate and make final disposition of the assets; and will not the court, to that end, enjoin a suit at law brought by a creditor against the personal representative of a decedent after bill filed in equity?

On application for preliminary injunction.

The bill of complaint shows that Catherine Fitzpatrick departed this life leaving a last will and testament dated July 1st, 1903, which was duly admitted to probate, and wherein she did, among other things, leave to the complainants, Salina Noone (now Mrs. O'Donnell) and Sadie Noone (now Mrs. Hinton), $500 to be divided between them share and share alike; that the executor named in the will renounced and letters of administration with the will annexed were issued by the surrogate of Middlesex county to Ronald McCann, who duly qualified, and, on August 14th, 1906, filed an inventory and appraisement of the goods and chattels of the deceased, showing personal estate in his hands amounting to $1,440.60; that on November 30th, 1906,

McCann, administrator *cum testamento annexo,* filed in the office of the surrogate of Middlesex county his final account, wherein he charged that he had paid to Catherine McCann, his wife, a bill for board alleged to be due from the deceased to her, amounting to $555.94, leaving a balance in his hands for distribution amounting to $73.88; that the complainants filed exceptions in the orphans court of Middlesex to the allowance of the $555.94, so paid by the administrator to his wife for the alleged bill for decedent's board, and subsequently the orphans court sustained the exceptions and directed the surrogate of Middlesex to restate the account, deducting from the allowances the item for board, and further, that the administrator pay over to the complainants the legacy of $500, with interest; that the administrator appealed to the prerogative court from the order sustaining the exceptions, and the prerogative court affirmed the order of the orphans court, with costs; that subsequently Ronald McCann, the administrator, departed this life, and that letters of administration were duly granted upon his estate to John McCann, his son, by the surrogate of Middlesex, who (John McCann) entered upon the discharge of his duties; that since the death of Ronald McCann, administrator, no letters of administration *cum testamento annexo de bonis non* have been issued upon the estate of Catherine Fitzpatrick, deceased, to any person; that neither Ronald McCann, administrator *cum testamento annexo,* in his lifetime, nor John McCann, his administrator, since his decease, have paid over to the complainants their legacy.; that upon his appointment as administrator *cum testamento annexo* of Catherine Fitzpatrick, deceased, Ronald McCann executed a bond to the ordinary, with William F. Harding and Abraham Jelin, as sureties, conditioned, among other things, that Ronald McCann, administrator, should make a just and true account of his administration, and in all respects faithfully execute the trust imposed upon him under the will of the deceased; that being unable to collect their legacy under the will of Catherine Fitzpatrick, deceased, and being desirous of enforcing and ascertaining the liability of the sureties on the above-mentioned bond, the complainants subsequently applied to the ordinary for leave to bring suit thereon, and, subsequently, an order was made in the preroga-

tive court giving leave to bring such suit at law or in equity as they should be advised, and in the name of the ordinary, if necessary. The defendants are John McCann, administrator of Ronald McCann, deceased, Catherine McCann, William F. Harding and Abraham Jelin; and it is prayed, among other things, that John McCann, administrator, and Catherine McCann, may be decreed to pay to the complainants their legacies, and that William F. Harding and Abraham Jelin may have their liability on the bond of Ronald McCann, administrator *cum testamento annexo* determined and ascertained, and that they also may be decreed to pay to the complainants their legacy.

On June 24th, 1909, application was made on behalf of Russell E. Watson, who had been appointed substituted administrator *cum testamento annexo* of Catherine Fitzpatrick, deceased, for an order admitting him as a party in this cause, and for such other and further relief as might seem meet and proper. This application was made on notice to the defendants, and, after hearing, an order was made that the substituted administrator be made a party defendant, and that he have leave to appear, plead and answer, or to file such other pleading by way of a supplemental bill, or otherwise, as he should be advised.

On August 14th, 1909, Russell E. Watson, substituted administrator *cum testamento annexo* of Catherine Fitzpatrick, deceased, filed a supplemental bill, wherein he recited all of the facts and proceedings shown by the complainants' bill; and further showed that John McCann, administrator of Ronald McCann, deceased, having received from the complainant in the supplemental bill a notice (after the presentation to him of the bill of $555.94 for board) that the bill was disputed, he, John McCann, administrator, brought suit against him, the complainant in supplemental bill, as substituted administrator, in the Middlesex circuit court for the recovery of such bill; that by force of the provisions of the Orphans Court act, Ronald McCann, administrator *cum testamento annexo* of Catherine Fitzpatrick, deceased, having failed and neglected for six months to obtain an order to limit creditors and to proceed therein according to law, and having failed to bring suit against her estate within one year from the grant of probate, the suit in the Middlesex circuit court consti-

tutes no defence to this suit now pending against the complainant in the supplemental bill (one of the defendants herein) for the payment of the legacy due to the complainants, and that the estate of Catherine Fitzpatrick, deceased, remains liable for those legacies, notwithstanding the suit at law, and that the complainant in the supplemental bill is liable for the payment of those legacies on the collection of the assets of the estate of the decedent. The defendants to the supplemental bill are Salina O'Donnell and Sadie Noone Hinton, the complainants in the original bill, and Catherine McCann and John McCann, administrator of Ronald McCann, deceased, and William F. Harding and Abraham Jelin, and the prayer, among other things, is, that they answer, and that Catherine McCann and John McCann, administrator, may be decreed to account for and pay over to the complainant in the supplemental bill the assets of the estate of Catherine Fitzpatrick, deceased, or so much thereof as remain in their hands, with interest and costs, and that William F. Harding and Abraham Jelin may be decreed to have their liability as bondsmen determined and ascertained, and that they pay over to the complainant the sum found to be due from them, and also that John McCann, administrator, may be permanently enjoined from prosecuting against the complainant his suit in the Middlesex circuit court, and that all proceedings on the alleged claim of the estate of Ronald McCann against the estate of Catherine Fitzpatrick may be perpetually enjoined, and that John McCann, administrator, may be restrained from assigning or disposing of the claim to the end that the complainant in the supplemental bill may proceed with the collection of the balance of $629.82 belonging to the estate of Catherine Fitzpatrick, deceased, as determined by the restated account of Ronald McCann, former administrator. There is no prayer for process of subpoena in the supplemental bill.

Upon the filing of the supplemental bill, an order was made upon John McCann, administrator, and Catherine McCann and William F. Harding and Abraham Jelin, defendants, and Salina O'Donnell and Sadie Noone Hinton, complainants in the original bill, to show cause why an injunction should not issue pursuant to the prayer of the supplemental bill. The order contained an *ad interim* restraint.

*Messrs. Woodbridge & March,* for the complainants.

*Mr. George S. Silzer* and *Mr. John A. Coan,* for the defendants.

WALKER, V. C.

Upon the above state of facts this court is asked to enjoin the suit of John McCann, administrator of Ronald McCann, deceased, against Russell E. Watson, substituted administrator *cum testamento annexo* of Catherine Fitzpatrick, deceased, brought to collect the alleged board bill of $555.94. The defendants to the supplemental bill (save those who are complainants in the original bill) meet the issue by a motion *in limine* to strike the supplemental bill from the files—*first* and *fifth,* because it is filed by a defendant; *second,* because it shows a want of equity; *third,* because it does not pray for process of subpœna against the defendant; *fourth,* because it makes a new and different case from that made by the original bill; *sixth,* because the defendant filing the supplemental bill as to the matters therein contained has an adequate remedy at law.

The objection that a defendant may not file a supplemental bill is not tenable. If any circumstance occurs after the bill is filed which does not abate the suit, and occasions an alteration in the interest of any party, or renders it necessary that new parties should be brought before the court, the proper method of proceeding is by supplemental bill (*Dan. Ch. Pl. & Pr. *1515*) ; and such a bill may be filed by a defendant, as was done in *Zinc Co.* v. *Franklinite Co., 13 N. J. Eq. (2 Beas.) 322, 325.* See, also, *Dan. Ch. Pl. & Pr. *1536, note.*

The next objection is that the supplemental bill shows a want of equity. The motion is to dismiss the bill for that reason. And this would be tantamount to a demurrer (*Bigelow* v. *Old Dominion Copper Mining and Smelting Co., 74 N. J. Eq. (4 Buch.) 457*), if the objection were made under rule 213 of this court. However, the sufficiency of the supplemental bill will have to be considered on the complainants' motion for an injunction, and this involves the construction and application of sec-

13

tion 76 of the Orphans Court act (P. L. 1898 p. 741), which reads as follows:

"In any citation to account, or suit for any legacy or distributive share, it shall be no defence that there are disputed claims outstanding or in suit against the estate, if the executor or administrator shall have neglected for six months to obtain an order to limit creditors, and to proceed thereon according to law, unless a suit brought within a year from the grant of probate or administration be pending on such claim."

In this case it is conceded that Ronald McCann, as administrator of the estate of Catherine Fitzpatrick, deceased, took no order to limit creditors, and that no suit for the recovery of the alleged board bill was brought within a year from the grant of probate.

The complainant in the supplemental bill avers that he is liable for the payment to the complainants of their legacies by reason of the settled account in the orphans court of Ronald McCann, whom he succeeded as substituted administrator, and the complainants in the original bill contend that by force of section 76 of the Orphans Court act they are entitled to recover their legacies in this suit and require payment from the complainant in the supplemental bill, irrespective of the claim involved in the action at law against the substituted administrator cum testamento annexo de bonis non of Catherine Fitzpatrick, deceased, and that upon obtaining a decree in this court the substituted administrator would be obliged to pay the legacies to the complainants, and that this suit would not be a bar to recovery by the plaintiff in the action at law against the administrator, who (the administrator), if judgment at law passed against him, would thus be made liable for both the legacies and the debt. To this view I cannot accede.

The seventy-sixth section of the Orphans Court act was enacted in 1849 (Gen. Stat. p. 2369 § 65), and appears not to have been construed by any of our courts. It can have no other effect, it seems to me, than to permit the legatee to prosecute his suit to judgment or decree, which will not be enforced pending the ultimate settlement of the estate, as will hereafter appear.

The adjudications in this state make it clear that the recovery of a legacy by one entitled thereto will not defeat the claim of a

creditor, even though he has been barred of his action against the executor, for, if he has been so barred, he may recover his debt out of the legacy and from the legatee. *Coddington* v. *Bispham, 36 N. J. Eq. (9 Stew.) 224; affirmed, 36 N. J. Eq. (9 Stew.) 574.* In this case the court of errors and appeals held:

"Whenever a bill is filed in equity against executors, either by a creditor or by residuary or other legatees, touching the administration of the estate, the suit is for the benefit of all persons interested as creditors and legatees, and the court may assume the general administration of the estate and make a final disposition of the assets.

"In the administration of estates of decedents in the court of chancery, the assets will be applied as they would be applied in the probate court. Creditors will be allowed priority over legatees, who will take nothing until the debts are paid."

That the law favors creditors over legatees is of course clearly settled. In fact legatees succeed to the estate of the testator as mere beneficiaries or objects of his bounty, and have no rights or equities whatever as against creditors.

Chancellor McGill, as ordinary, in *Ford* v. *Westervelt, 55 N. J. Eq. (10 Dick.) 485,* held:

".Personal property is liable, in the hands of executors, for the payment of debts before the satisfaction of any description of legacy. Specific legacies must yield to this payment. Lands will not be ordered to be sold to pay debts, when it appears that sufficient personalty came to the hands of the executors to enable them to make such payment."

The extent to which our law favors creditors over devisees and legatees is shown in *Stone* v. *Todd, 49 N. J. Law (20 Vr.) 274,* in which the supreme court held that an action at law might be brought against heirs and devisees, although the claim had not been presented to the administrator and there was sufficient personal property to pay the debts.

In *Dodson* v. *Sevars, 52 N. J. Eq. (7 Dick.) 611,* it was held:

"A creditor of a decedent whose claim was not in due time presented to the executors, and who is bound by a decree of the orphans court, in pursuance of the statute (*Rev. p. 764 § 62*), may nevertheless maintain an action against the executors for

payment of a ratable portion of his debt from any legacy or legacies which shall not have been paid over by the executors or have been attached in their hands.

"Such a creditor may go into equity for discovery of such assets in the hands of the executors, and, when there, will be permitted to establish the validity of his claim and have it satisfied so far as the assets discovered may lawfully be resorted to."

It will be noted that it was held in *Dodson* v. *Sevars* that a creditor might maintain an action against executors for the payment of his debt from any legacy not paid over by the executor or had been attached in his hands. Attached means reached by process. *Woodward* v. *Woodward, 9 N. J. Law (4 Halst.) 115, and note; Osborne* v. *Edwards, 11 N. J. Eq. (3 Stock.) 73, 78; Shinn* v. *Zimmerman, 23 N. J. Law (3 Zab.) 150, 151.*

The rule to limit creditors and the decree barring creditors provided for by the Orphans Court act operate only to protect the executor from molestation by belated claims to creditors, to the end that the estate of a decedent may be speedily settled, and the provisions mentioned do not operate as a statute of limitation against the claims of creditors.

There is nothing in the Orphans Court act which abrogates the general statute of limitation. In fact by section 65 of the former act the running of the statute is suspended for six months upon the death of any person obligated for a debt, and amounts to an extension of the statute of limitation.

Light is thrown, I think, upon the meaning of section 76 of the Orphans Court act by the provisions of the act concerning legacies (*Gen. Stat. p. 1938*), a statute which is certainly *in pari materia.* By the first section of that act it is provided that a legatee may maintain an action against the executor or administrator *cum testamento annexo* for the recovery of a legacy after it becomes due, and that if no time is fixed in the will for the payment, the executor or administrator shall have one year after probate in which to pay. But in section 3 of the act it is provided that upon a plea of want of assets to pay the debts of the testator and all the legacies, the court shall appoint auditors to examine the account, who shall report how much assets will remain after the payment of debts and what part of the re-

mainder is the proportion which ought to go toward paying the plaintiff's legacy, and the execution issued on the judgment shall issue only for the proportion of the legacy ascertained to be payable to the plaintiff, and such judgment shall remain a security for the payment of the residue of such legacy out of assets which may thereafter come to the hands of the executor or administrator. Section 5 of the act provides that no suit shall be maintained for the recovery of any legacy until demand made and a tender of a bond in double the value of the legacy, with condition that if the whole or any part thereof shall at any time appear to be wanting to discharge any debt which the executor or administrator may not have other assets to pay, then the legatee will return the legacy, or such part thereof as may be necessary, for the payment of debts. Section 7 provides that nothing in the act contained shall be construed to enforce the payment of any legacy to the prejudice of creditors.

The court of errors and appeals, in *Davison* v. *Rake, 45 N. J. Eq. (18 Stew.) 767,* said (at *p. 770*) that the general rule, where no time for payment is fixed by a will, a pecuniary legacy is payable in one year after the testator's death, was adopted from the ecclesiastical courts, which allowed the executor one year to get in the estate and pay legacies, and was designed for the advantage of the executor in the settlement of the estate.

As the law stood prior to the passage in 1849 of what is now the seventy-sixth section of the Orphans Court act, upon suit for a legacy brought under the act concerning legacies, the executor or administrator *cum testamento annexo* could plead a want of assets to pay the debts of the testator and all the legacies, either before or after one year from probate, whereupon the suit abated pending the appointment of auditors and their report to the court. Under this proceeding, which may still be had in cases not controlled by section 76 of the Orphans Court act, the judgment is for the proportion of the legacy for which funds were found available and as security for the residue out of assets which may thereafter come to the hands of such executor or administrator. This statute is still in force, subject to the modification made by the seventy-sixth section of the Orphans Court act, which operates to prevent an executor or administrator

*cum testamento annexo* who has neglected to enter a rule to limit creditors and to proceed thereon according to law, that is, to take a decree to bar creditors and settle the estate, from pleading want of assets in abatement in a suit for a legacy, unless suit brought within one year from the grant of probate or administration be pending on the claim of a creditor. In my judgment the prohibition contained in section 76 of the Orphans Court act is leveled against a plea in abatement in a suit for a legacy, but leaves ultimate rights unaffected. Chancery always protected all parties by its decree. See *Wilson* v. *Fisher, 5 N. J. Eq.* (*1 Halst.*) *493, 498.* But even if the executor or administrator is unable to plead want of assets in abatement, it does not follow that as a penalty for neglect to enter a rule to bar creditors and to proceed thereon, the executor or administrator *cum testamento annexo* shall be compelled to pay and discharge the legacy in full upon entry of judgment or decree therefor, and pay a debt of the testator also upon recovery of such debt, when there is not in the estate sufficient assets to pay and discharge both the legacy and the debt.

The law does not favor a forfeiture and equity abhors one, and if this court, upon the facts of this case, and under section 76 of the Orphans Court act, was required to grant the complainants a decree for their legacies and direct that they be paid by the substituted administrator, upon the collection by him from Catherine McCann of the money illegally paid her by Ronald McCann, late administrator *cum testamento annexo* of Catherine Fitzpatrick, deceased, and then permit the plaintiff in the suit at law, if he should be successful and obtain a judgment, also to collect the debt from the substituted administrator, when in fact he would not have sufficient assets in hand to pay the judgment, it would do the rankest kind of injustice. That such an outcome cannot be the result of these two suits must be clearly apparent upon the authority of *Coddington* v. *Bispham; Ford* v. *Westervelt; Stone* v. *Todd,* and *Dodson* v. *Sevars, ubi supra,* to say nothing of sections 72, 73 and 74 of the Orphans Court act, which appear to give relief to the creditors of a decedent's estate who may be in such a situation as the one before the court.

Now the suit for the legacies in this particular case is in a court of conscience, and the defendant who is liable for the payment of these legacies upon the recovery of assets, namely, the substituted administrator under the will of Catherine Fitzpatrick, deceased, has filed an answer which contains an admission of the material facts pleaded in the bill of complaint, and avers, among other things, that Catherine McCann and John McCann, administrator of Ronald McCann, deceased, or one of them, now have in hand the sum of $680.12, the balance remaining in the estate of Catherine Fitzpatrick, deceased, besides interest thereon to be computed according to law; and that Catherine McCann and John McCann, administrator, and William F. Harding and Abraham Jelin, sureties on the bond of Ronald McCann, deceased, are liable to pay over that sum of money to the defendant, as substituted administrator, to be administered and distributed by him according to law and the provisions of Catherine Fitzpatrick's will. Therefore, there is nothing in the law, or in the pleadings, or in the facts of this case which will operate to abate or impede the suit of the complainants to recover their legacies. The enforcement of the decree therefor, when, and if entered, is another question, and, as above remarked, such decree would not be enforced to work a penalty or forfeiture out of such administrator.

On the record presented in this case the complainants in the original and supplemental bills ask for an injunction against the suit of John McCann, administrator of Ronald McCann, deceased, which suit was instituted for the collection of the alleged bill for board due from Catherine Fitzpatrick, deceased, to Ronald McCann, upon the ground that Ronald McCann, in his lifetime, made no claim for it, but paid it to his wife, acknowledging that she was the creditor of Catherine Fitzpatrick, and thus in effect declaring that he had no claim against her estate, and that as he himself lived for some time after the prerogative court adjudged that Mrs. McCann had no claim to this money, and after his account in the orphans court was restated, showing a balance in his hands belonging to the estate of Catherine Fitzpatrick, deceased, amounting to $680.12, that his administrator is estopped from suing for the bill, because the negligence of

Ronald McCann in not bringing suit amounts to constructive fraud, which will work an estoppel, and the claim is made that the court will enjoin a suit for the same reason that it would restrain a defence which would be a bar to a suit, citing cases in this and other states. But the court will not restrain the prosecution of an action at law where the defence to the action can as well be made in the court in which the action is pending as in the equity court. *Screw M. & R. Co.* v. *Mettler, 26 N. J. Eq.* *(11 C. E. Gr.) 264.* The conduct of Ronald McCann as pertinent to the question of the *bona fides* of his claim is a defence which is available at law; and if not pleadable in form, it is a defence *arguendo,* and I can readily see that the facts adverted to can be leveled against the claim for recovery with more or less effect. This would be a matter for counsel to argue and the court might be asked to direct the attention of the jury to it. I repeat: It is entirely available as defensive matter in the suit at law. However, I am not sure that the complainants may not have an injunction against the suit at law brought by Ronald McCann, administrator, upon the ground that this suit in this court for the payment of the legacies draws to it the claims of creditors so that the court may administer the estate of Catherine Fitzpatrick, deceased, and make a final disposition of the assets. *Coddington* v. *Bispham, ubi supra; First National Bank of Freehold* v. *Thompson, 61 N. J. Eq. (16 Dick.) 188, 205.*

As to estoppel: I fail to see any applicability of the doctrine. The essential elements which must unite in order to create an equitable estoppel by conduct are stated with perspicuity and accuracy in *Central Railroad Co.* v. *MacCartney, 68 N. J. Law (39 Vr.) 165, 175.* The fifth element is thus described (at *p. 176*) :

"That the latter party, in good faith, relied upon the representations or conduct of the other party and thereby was led into such a course of conduct that he will now be substantially prejudiced if the other party be permitted to repudiate his former action or representation."

And the opinion proceeds: "In short, an equitable estoppel prevents one from rectifying his own grossly negligent mistake at

the expense of another who has, without negligence, been misled thereby."

Now the complainants in the original bill, the legatees, were not misled by conduct on the part of Ronald McCann with reference to his claim for the board bill against the estate of Catherine Fitzpatrick, deceased. That claim must stand or fall upon its intrinsic merits. It may well be said that there was much in the conduct of McCann which casts suspicion upon the genuineness of the claim now asserted and put in suit by his administrator, but the strength of the defence against that claim is measured by such weakness as may inhere in it. The legatees have not changed their position with reference to anything that McCann did or said. They, as already remarked, are the mere recipients of the bounty of Catherine Fitzpatrick, and they will receive their legacies in full if the McCann suit fails, but if it succeeds, they will probably receive nothing on account of their legacies as the small balance of $73.88 will probably be absorbed in the costs of administration subsequent to the re-statement of the account of Ronald McCann, the former administrator *cum testamento annexo.*

The complainants urge that if McCann had a claim he should have asserted it by right of retainer. The way for an executor to pay himself a debt out of the estate of his decedent, is to retain it and report to the orphans court with the other claims against the estate, and such court has jurisdiction to pass upon the legality of his action in retaining for his debt. *Kinnan* v. *Wight, 39 N. J. Eq. (12 Stew.) 501, 506.* The fact that he did not retain, but paid the money to his wife, and after the adjudication by the prerogative court that his wife had no claim to it, did not thereafter retain and report the retainer to the orphans court, is evidence of more or less weight against the *bona fides* and legality of the claim, but is not conclusive against it.

The next contention on behalf of John McCann, administrator, is, that the supplemental bill does not pray for process of subpœna against him. It should so pray, for without the defendants being brought in by subpœna to answer the supplemental bill, answer cannot be required. Under the practice which formerly obtained with reference to a cross-bill, answer from defendants to such a

bill was required under a subpœna; but now by the practice promulgated by rule 206, a defendant need not file a cross-bill as formerly, but may set up in his answer matter which would have been the proper subject of a cross-bill, and where such a pleading is exhibited against a co-defendant, he is required to serve a copy of such pleading on such defendant in five days from the date of filing. When exhibited against the complainant he answers by special replication, and when against a co-defendant, he answers by a pleading in the form of an answer to be filed within thirty days from the time of the serving of the copy of the answer to which he is called upon to respond. No such practice with reference to supplemental bills which, by the way, are rarely exhibited by defendants, has ever been prescribed either by statute or rule of court. Therefore, the original practice of bringing in the defendants to a supplemental bill still exists. However, this defect may be supplied by amendment. The defendant is not here with a demurrer, but with a motion to take the supplemental bill from the files. *Dan. Ch. Pl. & Pr.* *1536, note; Stockton v. American Tobacco Co., 53 N. J. Eq. (8 Dick.) 400.*

The next contention, on behalf of the defendants, is, that the supplemental bill makes a new and different case from the original bill. This it seems to me is a misconception. The rule is that after suit instituted any circumstance occurring which without abating the suit occasions an alteration in the interest of any of the parties or renders it necessary that new parties should be brought before the court, the proper method of doing it is by supplemental bill. *Dan. Ch. Pl. & Pr.* *1515 and note; Williams v. Winans, 20 N. J. Eq. (5 C. E. Gr.) 392.* This is a suit for legacies. Subsequent to the filing of the bill a party admitted as a defendant in the capacity of an administrator *cum testamento annexo de bonis non* of a testatrix from whose estate the legacies are sought to be recovered, filed a supplemental bill charging, among other things, that a third person, claiming to be a creditor of the estate, has sued him at law for a debt alleged to be due from decedent, and that there are not assets sufficient to satisfy both the legacies and the debt. These facts do not abate the suit for the legacies, but occasion an alteration in the interests of the complainants to the extent of defeating recovery if the plaintiff

·in the law suit should prevail. In this posture of the affair, the supplemental bill praying for an injunction against the suit at law upon equitable grounds is entirely germane and the proper subject of a supplemental bill. Whether the equities are sufficient to sustain that bill is another question.

This view disposes of the next contention, which is that a supplemental bill is not a proper remedy for the defendant who filed it.

The last contention, namely, that as to the matters set forth in the supplemental bill, the defendant filing it has an adequate remedy at law, has been considered, and was disposed of against the defendants' claim, in the discussion of the question of alleged want of equity.

In my judgment, the provision of section 76 of the Orphans Court act that it shall be no defence to a suit for a legacy that there are disputed claims outstanding or in suit against the estate if the executor who shall have neglected for six months to obtain an order to limit creditors and to proceed thereon applies only to a plea in abatement of want of assets in a suit to recover the legacy, but does not extend to work an unjust or inequitable enforcement of a judgment of a court of law or decree in chancery.

When sued for a legacy, if there are claims against the estate of the decedent, disputed or otherwise, in suit or otherwise, and the estate appears to be insolvent, * * * the executor or administrator *cum testamento annexo* may protect himself by an application to the orphans court to have the estate decreed to be insolvent and for an order for the sale of lands to pay debts. *Orphans Court act, P. L. 1898 p. 715 § 100 et seq.* On a judgment against an executor or administrator of an insolvent estate, execution will be stayed, and the amount of the judgment is made the sum on which the creditor receives a dividend. *Ibid.* § 106.

The estate in question in this cause appears to be solvent, but if the claim outstanding against it shall be ascertained to be valid its payment will consume almost the entire balance of assets, but if the claim shall be adjudged to be invalid, the same fund will satisfy the legacies sued for in this cause. In this posture of the affair the suit for legacies will be permitted to proceed, and if decree be entered for the complainants, it will be stayed pending

the disposition of the action at law for the debt. If judgment be recovered, the debt will, of course, be permitted to be paid in exclusion of the legacies. To ask this court to distribute this fund to these legatees in the face of an adverse claim against the estate which would consume the fund, is to ask the chancellor to do what no court should do without the claimant being afforded an opportunity of being heard with respect to the disposition of the fund. *Rorback* v. *Dorsheimer, 25 N. J. Eq. (10 C. E. Gr.) 516* (at *p. 522*). The estate in this cause being solvent, an execution on a judgment against the administrator would be enforcible. *Von Arx* v. *Wemple, 45 N. J. Law (16 Vr.) 87, 89*.

In my opinion, the injunction prayed for against the suit at law on the ground of fraud and estoppel, should be denied, and this suit should be permitted to proceed to final hearing. Whether the complainant is entitled to restrain the suit at law and require the defendant John McCann, administrator, to litigate his claim in this court in this cause is a question which was mooted on the hearing of the order to show cause, but not seriously argued. I think the complainants should have the right to raise this question, and the *ad interim* restraint will be continued for ten days to afford them an opportunity to give the defendant McCann, administrator, notice of an application for an injunction on the ground last indicated. Unless within that time the complainants give such notice, the defendant McCann may apply *ex parte* to have the stay dissolved and the order to show cause discharged. Unless within ten days, also, the complainant in the supplemental bill shall issue a *subpœna ad respondendum*, the supplemental bill will be dismissed on motion and without notice. The complainants have already been heard on this question.

No costs will be allowed on this application, but all costs will abide the event of the suit.