## WOELM v. HASSELQUIST.
### Patent Appeal No. 3039.

Court of Customs and Patent Appeals.

Jan. 3, 1933.

Warfield, Fraser & Brown, of New York City (Donald L. Brown, of New York City, of counsel), for appellant.

Cromwell, Greist & Warden, of Chicago, Ill. (Raymond L. Greist, of Chicago, Ill., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is a companion case to No. 3038, (Cust. & Pat. App.) 62 F.(2d) 365, between the same parties, but presents different issues.

On January 29, 1929, Woelm received patent No. 1,700,247 on application filed April 27, 1925, for "magazine lead pencil." The application upon which the patent was granted seems to have been a continuation, in part, of a prior application filed June 1, 1923.

On February 23, 1922, Hasselquist filed an application, which has since been pending.

Shortly after the issuance of said Woelm patent, Hasselquist copied therefrom claim 12, for the purpose of interference.

The interference was declared June 15, 1929. Woelm, who is the junior party, moved its dissolution on the ground that Hasselquist had no right to make the claim. The Law Examiner denied the motion, and the Examiner of Interferences gave judgment for Hasselquist upon the record which, upon appeal, was affirmed by the Board of Appeals. From the latter decision appeal was taken to this court.

The single count reads: "In a step by step pencil, the combination of a casing, a lead-gripping and feeding unit reciprocable within said casing and comprising a plurality of lead-gripping jaws, a member fixedly connected with said casing and formed with an inclined surface in the path of movement of said gripping unit for causing a lead-gripping action by said jaws."

The sole question is whether Hasselquist may make the claim which constitutes the count.

An analytical examination of the count discloses the following so-called "units," which we designate by numerals in parentheses, with the features of unit No. 2 designated by letters in parentheses.

(1)  A casing.

(2)  A lead-gripping and feeding unit reciprocable within the casing, comprising: (a) A plurality of lead-gripping jaws; (b) a member fixedly connected with the casing formed with an inclined surface in the path of movement of said gripping unit.

The foregoing elements comprise the entire combination embraced in what the count defines as a "step by step pencil."

The complete physical structures of the contending parties are evidently quite different in internal arrangement, although the drawings bear much external resemblance. In Woelm's structure the lead is driven downwardly by pressure upon the cap at the top of the casing. In Hasselquist the lead is advanced by the rotary movement of one portion of the casing with respect to another portion of the casing. Woelm's brief states: "Woelm's pencil is a push type pencil, Hasselquist's pencil is a rotary type pencil."

It results that Woelm's casing (leaving the cap out of consideration) comprises a single barrel, having a sloping lower end, while Hasselquist's barrel, or casing, apparently consists of two parts, an upper and lower, so combined as that one revolves with relation to the other, the lower part sloping gradually from near its upper end to its point.

As we view the case, the essential issue is quite a narrow one.

Appellant states his conception of it in the following contention: " * * * Hasselquist cannot make the count as he shows no casing surrounding his lead-gripping and feeding unit to which a member is fixedly attached for causing a lead-gripping action to the jaws, nor does he show any member with an inclined surface in the path of movement of the gripping unit for causing a lead-gripping action to said jaws within the meaning of the count in issue."

The issue was, in effect, stated by the board to be, whether certain gripping means disclosed by Hasselquist, whereby there is a gripping of the lead for holding it securely during the writing operation (such means being in addition to other means that grip the lead for the purpose of advancing it), may be regarded as "a gripping unit for causing a lead-gripping action" as called for in the last clause of the count.

A detailed description of the operation of the respective devices is given in the opinion by Judge Hatfield in the companion case, 3038, Woelm v. Hasselquist, 62 F.(2d) 365, 20 C. C. P. A. ——, and need not be here repeated.

Appellant's contention is based upon the construction which he insists should be given the count, to wit, that the "gripping unit for causing a lead gripping action" refers to a unit confined to the first gripping movement; also, appellant insists that in the Hasselquist device the lead gripping and feeding unit is in the lower, sloping end, or point, of the container and that this is not a casing in the meaning of the count.

To so hold would require that the count be construed strictly by appellant's *device*; whereas it seems, as stated, to be broader in its import.

We are unable to see wherein there is error in holding the sloping section of the barrel of Hasselquist to be a part of the casing. Nothing in the count itself indicates anything to the contrary, nor is there any language in the count which limits the location of the lead gripping and feeding unit to any specific place within the casing.

Neither is there anything in the count to limit the connection of "a member fixedly connected with said casing" to the *front end* of such member, nor does the count limit the "lead gripping action of the gripping movement" to the *first and only* "lead gripping action."

All these limitations would have to be read into the count in order to sustain appellant's contention. We see no reason why the rule of broad interpretation is not here applicable. Of course, in an interference case well-defined limitations may not be disregarded, but such limitations, to be binding, must appear in the count itself. Woelm v. Hasselquist, supra.

The decision of the Board of Appeals is affirmed.

Affirmed.