Complainant was a subcontractor under C.H. Johannesen 
Company, which had a contract with the Board of Education of Paterson for the construction of a school building. Defendant Maryland Casualty Company was surety for the general contractor under a bond guaranteeing the completion of the building and the payment of any and all subcontractors.
On the 11th day of July, 1940, complainant had completed its work and the building was accepted as complete by the Board of Education. At that time there was due to complainant *Page 16 
a balance of approximately $3,000, which sum has never been paid to it. The principal contractor had gone into bankruptcy. Complainant instituted an action at law for the unpaid balance against the Surety Company. In the action at law, the Surety Company has set up as a defense a document which, on its face, is a receipt or release from complainant to Johannesen Company for the balance under the subcontract.
Complainant brings the present suit to restrain the Surety Company from using or asserting the document, purporting to be a release, for the purpose of defeating the action at law which is now pending. This document was executed on September 10th, 1940. The testimony of complainant's witnesses, which is uncontradicted, is to the effect that this document was executed solely for the purpose of expediting the collection of money by Johannesen Company from the Board of Education, and that it was in nowise to affect the debt to complainant, and that the document was delivered on that express condition. It is well settled that this court has jurisdiction to restrain the use of an instrument purporting on its face to have a certain legal effect when the intention of the parties was to the contrary and where no equities intervene to prevent this court from directing that the document be considered a nullity. Green v. Morris andEssex Railroad Co., 12 N.J. Eq. 165; affirmed, 15 N.J. Eq. 469;Seymour v. Goodwin, 68 N.J. Eq. 189; Hackettstown NationalBank v. Louise Ming, 52 N.J. Eq. 56. In Twaits v.Pennsylvania Railroad Company, 77 N.J. Eq. 103, the court says:
"The parties being properly before the court, and the subject-matter being equitable in its nature, there cannot properly be said to be any want or lack of jurisdiction.
"The power proceeds from the undoubted authority that a court of equity possesses over persons within its jurisdiction to restrain them from doing anything that is contrary to equity and good conscience, to the wrong and injury of others, whether the threatened inequitable conduct consists in the prosecution of an action or whatever it may happen to be.
"Since the gravamen of this bill is that the railroad company, the defendant in the law suit pending in the other *Page 17 
jurisdiction, is setting up as a defense a receipt claimed to operate as a release, which, under the circumstances alleged in the bill, it is charged it is inequitable for it to do, I find that there is no principle of comity or public policy which forbids this court from passing upon the equitable claims of the complainant, and exercising whatever of its jurisdiction it finds proper under the circumstances.
"* * * The sole thing sought by the complainant here is equitable jurisdiction over the defendant to prevent it from inequitable conduct. I entirely agree with the expression of the learned Chancellor as above expressed that there is no doubt or difficulty about the right of the exercise of the power of equity of its jurisdiction under such circumstances."
The Surety Company contends that no such equity exists in the present suit. It asserts that complainant is estopped from asserting the invalidity of the purported release, and that because of the act of the complainant in executing it, defendant has lost a right of subrogation to collect from the Board of Education which otherwise it would have had.
In my opinion, this contention is unsound. To constitute an estoppel, the person asserting it must have done something or refrained from doing something because of the act of the person against whom the estoppel is claimed. No such circumstance is shown here, since the Surety Company was not a party to the purported release, knew nothing about it until long after, and certainly did not act in reliance upon it.
In Cartun v. Myers, 82 Atl. Rep. 14; affirmed in 78 N.J. Eq. 303,
Vice-Chancellor Leaming states a rule that "an estoppelin pais can only arise where parties have acted upon the faith of representations made to them or upon the faith of statements or conduct upon the part of another occasioning them to change their position to their detriment." O'Donnell v. McCann,77 N.J. Eq. 188; Kempson v. Kempson, 61 N.J. Eq. 303.
As to the contention that by reason of the execution of the release the Surety Company lost its right of subrogation to collect the amount of complainant's claim from the Board of Education, since, in the absence of the release, the Board of Education could not pay the money to the principal contractor, *Page 18 
in my opinion, this too is unsound. Nothing in the contract between the Board of Education and the contractor required that the contractor should pay subcontractors before itself receiving payment. At the time of the execution of the release, more than sixty days had elapsed since the completion of the building, and therefore complainant had lost its right to file a lien claim under the provisions of R.S. 2:60-188 which fixes a sixty day limitation. It seems clear therefore that the execution of the release had no bearing upon the right of the principal contractor to receive payment, and that the rights of the Surety Company were not and could not have been affected thereby. Since the complainant could not by lien claim or otherwise have prevented the payment to the contractor, it had no right against the Board of Education to which the surety could be subrogated.
In my opinion, complainant has established its cause of action for the equitable relief prayed for and a decree will be advised accordingly. *Page 19