**JOHN N. PRICE & SONS v. MARYLAND CASUALTY CO. (JOHN N. PRICE & SONS et al., Third Party Defendant).**

No. 1343.

District Court, D. New Jersey.

June 10, 1943.

320

Aaron Heller, of Passaic, N. J., for plaintiff John N. Price & Sons.

Waxman & Waxman, of Newark, N. J., for Chamberlin Metal Weatherstrip Co.

Coult, Satz, Tomlinson & Morse, of Newark, N. J., for Maryland Casualty Co.

Frazer, Stoffer & Jacobs, of Newark, N. J., for Fiat Metal Co.

Harry Green, of Newark, for Watson Elevator Co.

Isadore B. Miller, of Paterson, for Saul Nemser, trustee in bankruptcy.

MEANEY, District Judge.

The plaintiff herein brought suit against the defendant in the New Jersey Supreme Court in an action to recover on a public contractor's bond, furnished pursuant to N. J.R.S. 2:60–207 et seq., N.J.S.A. 2:60–207 et seq. In December of 1938 the Board of Education of the City' of Paterson, N. J., entered into a contract with C. H. Johannsen & Co., whereby the latter were to erect a school known as School Building Number Five.

The Johannsen Company, in the course of construction of the school, contracted with the plaintiffs and others, among them the third party defendants, to furnish materials and perform certain work. In compliance with the requirements of the New Jersey statute, N.J.R.S. 2:60–207 et seq., the Johannsen Company gave to the Board of Education a bond furnished by the defendant, Maryland Casualty Company, guaranteeing the payment of all persons, firms or corporations performing labor or furnishing materials in the construction of the school.

In the month of September, 1940, when the school was substantially completed, the Johannsen Company requested the plaintiff to furnish it with a release of its unpaid balance, alleging that final payment to it by the Board of Education would not be made until releases for the amounts due all subcontractors were given to the Board of Education. After further negotiation, the plaintiff herein gave the requested release, receiving in return an agreement that it would be held in escrow until payment was made to the plaintiff of its balance due. This release with others was presented to the Board of Education and on or about September 24, 1940, payment in the amount of $30,000 was given to the Johannsen Company by the Board of Education. The latter company had at the time of receiving the release given the plaintiff a check for the amount of its claim to be used when the Board of Education made payment to the Johannsen Company. Payment was stopped on this check, and thereafter the plaintiff, not having received payment, instituted suit in the New Jersey Supreme Court against Maryland Casualty Company, the surety on the bond of the Johannsen Company.

On motion of the defendant herein, the action was removed to the United States District Court on the ground of diversity of citizenship of the litigants. After transfer to this court, upon motion, notice and argument, the defendant filed a counterclaim and third party complaint, joining Chamberlin Metal Weatherstrip Company, Newark Plaster Contracting Co., Fiat Metal Manufacturing Co., Inc., Watson Elevator 'Co., Inc., and Del Turco Bros., Inc., all of whom crossclaimed against the defendant herein.

Insofar as these third party defendants are concerned, with the exception of Del Turco Bros., Inc., for whom a motion for summary judgment was granted at the end of the trial, motion was made by counsel for the defendant to dismiss the counter suits on the ground that the court lacked jurisdiction, because the subject matter of the dispute involved less than $3,000.

Prior to the trial, motion had been made before the District Court to dismiss the third party complaint which impleaded one of the subcontractors or materialmen who asserted a claim on the bond, and the order under which said third party defendant was impleaded was vacated on the ground that the court lacked jurisdiction because the amount in controversy did not exceed $3,000 and the proceeding was independent and not ancillary to the main action. John N. Price & Sons v. Maryland Casualty Co. (Williamsport Planing Mill Co. et al., 3rd Party Defendants) D.C., 2 F.R.D. 408.

■■ The same situation holds true of the third parties in this action. At the time of the making of the motion, which is referred to, none of the present third parties joined in that motion and so their status was not considered by the court at that time. However, a jurisdictional question may be considered at any time and even in the absence of any motion by the contesting parties, the court of its own motion, where there is no jurisdictional basis for the proceeding, must incontestably take notice of such lack of jurisdiction. Dewey Hotel Co. v. United States Electric Lighting Co., 17 App.D.C. 356; In re Nossman, D.C., 22 F.Supp. 645.

■■ Nor can jurisdiction be acquired by consent of the parties or by inadvertence. Woodmen of the World Life Ins. Ass'n v. Federal Communications Commission, 69 App.D.C. 37, 99 F.2d 122; United States ex rel. Tungsten Reef Mines Co. v. Ickes, 66 App.D.C. 3, 84 F.2d 257; In re Gray's Estate, 7 Cir., 62 F.2d 367.

The remaining third party complaints are therefore dismissed with costs.

Application for counsel fees by counsel for the third party complainants may be made hereafter upon notice.

The questions now to be determined are whether the release hereinbefore mentioned is conclusive and constitutes a valid bar to recovery by the plaintiff and whether the plaintiffs are estopped by its issuance from recovering against the defendants.

■■ For the defendants, it is contended that an instrument under seal, similar to the one in question, by the determined law of New Jersey, cannot be overcome by parol evidence, and the seal constitutes the consideration, and that only where such instrument is the basis of an action or where a set-off is founded thereon may fraud or want or failure of consideration be shown to invalidate it. In the instant case the action is not brought under the sealed instrument; rather the release under seal is set up by way of defense. Under these circumstances, may the import of the seal be inquired into and may the efficacy of the release be questioned? The release was given by the plaintiff to the Johannsen Company with the written agreement that it would be held in escrow until payment was made to the plaintiff of the balance due it from the Johannsen Company. It was obtained by the Johannsen Company confessedly without actual consideration, though a check, upon which payment was stopped, was given the plaintiffs at the time of delivery of the release. That such a situation might cry for equitable relief was recognized by the Chancery Court of New Jersey in response to the application of Brooks-Wright, Inc., for a restraint against the defendant herein from using a similar release given the Johannsen Company under like circumstances. In an opinion filed by Vice Chancellor Lewis, Brooks-Wright, Inc., v. Maryland Casualty Co., 133 N.J.Eq. 15, 29 A. 2d 882, issuance of such a restraint was advised. No such procedure was followed by the plaintiff herein and it would seem that the release, if valid and not vitiated by fraud, is conclusive and binding as against it. McKenna v. Montclair Police and Firemen's Pension Commission et al., 121 N.J.L. 206, 1 A.2d 756. There is, however, the question of validity of the release to be determined. A release, whether under seal or not, secured by fraud, legal or positive, may not be considered such a valid instrument as is within the purview of the decisions concerning the effectiveness of instruments under seal. In the present case, the release was executed by the plaintiff with full knowledge of its contents. But it was delivered in return for an escrow agreement, whereby the defendant's principal bound itself not to use it until the performance of a specific act, namely, payment to the plaintiff by the de-

322

fendant's principal, Johannsen, of the full amount due for work and services.

■ At the time the release was so secured, as is indicated by subsequent events, Johannsen had no idea of fulfilling the terms of the escrow agreement. Mere naked custody of the release was given Johannsen and its use was expressly limited by the terms of the escrow agreement. The conduct of Johannsen after receipt of the release is conclusively indicative of the intent, present in his mind at the time of its receipt, to use it in violation of the terms of the escrow agreement through the instrumentality of which it was secured, and vitiated the whole transaction because of the fraud and deceit practiced on the plaintiff.

McKenna v. Montclair Police, etc., 121 N.J.L. 206, 1 A.2d 756, and Vellekoup v. D. Fullerton & Co., 79 N.J.L. 16, 74 A. 793 (citing other cases), hold that a release under seal is valid as a bar to an action unless procured by fraud or deceit. The circumstances surrounding the making and delivery of the release amply evidence the presence of vitiating fraud and deceit, such as render it invalid as a bar to the present action.

■ The defendant's contention that the plaintiffs are estopped by their actions, seems meritless. Estoppel arises where parties have acted upon the strength of representations or statements made to them or on the faith of conduct on the part of another causing them to alter their position to their own harm and detriment. Cartun et al. v. Myers et al., 78 N.J.Eq. 303, 82 A. 14; O'Donnell v. McCann, 77 N.J.Eq. 188, 75 A. 999. The defendant did not change its position, nor was its action affected by any act of the plaintiff. It would appear that it had no knowledge of the release at the time of its issuance or at the time of the payment made by the Board of Education.

■ The resolution of the question as to whether the defendants are estopped from setting up the release by way of bar to the action is another basis for determining the merits of the case at bar. Certainly it would seem that the defendant stands in no better position than its principal, which certainly would be estopped from reliance on the release which was secured by the fraud or deceit of such principal.

In view of the foregoing, there will be judgment for the plaintiff with costs.