BROOKS-WRIGHT, INC., a corporation of the State of New Jersey, respondent,

*v.*

MARYLAND CASUALTY COMPANY, a corporation, appellant.

[Submitted May term, 1944. Decided October 16th, 1944.]

*Messrs. Coult, Satz, Morse & Coult (Mr. Joseph Coult),* for the appellant.

*Mr. Peter Cohn,* for the respondent.

The opinion of the court was delivered by

BODINE, J.

The Court of Chancery restrained the appellants from pleading in a law action a release, which the respondent gave to the general contractor upon a school building in Paterson, in order to secure the final payment for work done and materials furnished upon the building.

The general contractor became bankrupt and the respondent was never paid for the balance of the materials furnished by it. It then sued the surety company at law and the learned judge, sitting in the Circuit Court, refused to strike the answer setting up the release but the Court of Chancery restrained the use of the pleading—on what ground is not clear.

The decree must be reversed.

The Board of Education exacted the bond pursuant to the statute. By the terms of the contract the surety was subrogated to the rights of the Board of Education with respect to payments withheld until completion. When the respondent executed the release under seal the payments were made to the general contractor. That was precisely what was intended. The only thing not intended was that the general contractor would not pay the subcontractor. The action in giving the release deprived the board and the appellant of the security which was retained in order to insure performance. The respondent cannot make the appellant pay for its mistakes. *St. Peter's Catholic Church* v. *Vannote, 66 N. J. Eq. 78; Stulz-Sickles Co.* v. *Fredburn Construction Co., 114 N. J. Eq. 475.*

The decree will be reversed.

*For affirmance*—WELLS, J. 1.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE. BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 13.