## JOHN N. PRICE & SONS v. MARYLAND CASUALTY CO.

### No. 8546.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 9, 1944.

Decided Jan. 12, 1945.

See also, D.C., 2 F.R.D. 408.

Joseph Coult, of Newark, N. J. (Coult, Satz, Morse & Coult, of Newark, N. J., on the brief), for appellant.

Aaron Heller, of Passaic, N. J., for appellee.

Before GOODRICH and McLAUGHLIN, Circuit Judges and KIRKPATRICK, District Judge.

PER CURIAM.

 In this case the defendant was surety on a statutory general contractor's performance bond for the construction of a public school in Paterson, New Jersey. The plaintiff was a painting subcontractor on the work. The contract, made part of the bond, contained the usual withholding provisions and subrogated the surety to the rights of the owner, the Board of Education, as to any payment so withheld. When the school was completed and accepted, the Board retained $33,000 of the monies due the general contractor. At that time the contractor owed the plaintiff $3,500. The Board notified the contractor that before it would pay him his contract balance, it would require the releases of all the subcontractors. Plaintiff, knowing this, executed its release and delivered it to the contractor who in turn gave the plaintiff (a) an agreement that the release would be held in escrow until the plaintiff was paid, and, (b) a post-dated check for the amount it owed the plaintiff. The defendant surety company had no knowledge of such arrangement or of non-payment to the plaintiff. The contractor delivered the particular release, along with others, to the Board's architect who passed them along to the attorney for the Board. As a result, the withheld balance was paid over to the contractor. Payment on the post-dated check was stopped. Later the contractor was adjudicated a bankrupt. Then plaintiff started an action in the State Court against the defendant on its bond for the money due plaintiff from the general contractor. The litigation was removed to the Federal Court by reason of diversity of citizenship. The suit was heard by the District Judge sitting without a jury and he decided in favor of the plaintiff's claim. It is from the judgment entered in favor of the plaintiff that this appeal is taken. New Jersey law is applicable on the substantive questions involved. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

At the time this matter was before the District Court, the New Jersey Chancery Court had already passed upon practically the identical situation as here presented, in Brooks-Wright, Inc., v. Maryland Casualty Company, 133 N.J.Eq. 15, 29 A.2d 882. In that case another subcontractor on the same Paterson school construction had sued the Maryland Casualty Company in the State Court on much the same facts as those with which we are concerned in the instant action. The surety company set up the particular subcontractor's release in its answer. Vice Chancellor Lewis then restrained the company from pleading the release. That opinion of the Vice Chancellor was called to the attention of the District Court at the trial below, and it was urged here in the appellee's main brief as controlling both equitably and legally. The argument in the present appeal was postponed pending the decision of the Court of last resort in New Jersey on the appeal from the Chancery Court in the Brooks-Wright matter. Prior to the oral argument of this appeal, the Chancery decree was reversed by the New Jersey Court of Errors and Appeals on October 16, 1944, 135 N.J.Eq. 510, 39 A.2d 446, 447. That Court said in its opinion:

"The Board of Education exacted the bond pursuant to the statute. By the terms of the contract the surety was subrogated to the rights of the Board of Education with respect to payments withheld until completion. When the respondent executed the release under seal the payments were made to the general contractor. That was precisely what was intended. The only thing not intended was that the general contractor would not pay the subcontractor. The action in giving the release deprived the Board and the appellant of the security which was retained in order to insure performance. The respondent cannot make the appellant pay for its mistakes. St. Peter's Catholic Church v. Vannote, 66 N.J.Eq. 78, 56 A. 1037; Stulz-Sickles Co. v. Fredburn Construction Co., 114 N.J.Eq. 475, 169 A. 27.

"The decree will be reversed."

 The above decision of New Jersey's highest Court is the law of this case. It directly answers the questions arising on this appeal. Appellant's points, therefore, need not be labored. The judgment

of the District Court is reversed and the case remanded to the District Court with directions to enter judgment for the defendant.