## POLITZ v. WABASH R. CO. et al.

(Circuit Court, S. D. New York. February 18, 1907.)

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—JOINDER OF UNNECESSARY PARTIES.

To a suit by a stockholder to have stock and bonds issued by a railroad company, to be exchanged for a prior issue of bonds, declared ultra vires and void, the company is the only necessary party defendant, and the joinder as defendants of directors or persons interested in the bonds to be retired will not prevent a removal of the cause by the company, where diversity of citizenship exists between it and the complainant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 79.]

On Motion to Remand to State Court.

Stephen M. Yeaman, for the motion.

Rush Taggart and Parsons, Closson & McIlvaine, opposed.

LACOMBE, Circuit Judge. Plaintiff is a stockholder of the Wabash Railroad Company. Among the obligations of that company are two series (A and B) of debenture bonds due in 1939. A plan has recently been proposed for retiring these bonds, by issuing and exchanging for them a certain amount of new 4 per cent. mortgage bonds and new preferred and new common stock. A stockholders' meeting was called in October last to consider the plan, and a majority of those present voted in favor of it, and for the issuance of the new bonds and stock necessary to carry out its provisions. At the same time 90 per cent. of the debenture holders voted in favor of the exchange. The complaint alleges that the plan has been carried out as to more than nine-tenths of the debenture bonds, and new bonds and stock to the requisite amount have been issued. The complaint sets forth the provisions of various state Constitutions and statutes, and avers that the "whole plan was and is illegal, unauthorized by law, in violation of law, and ultra vires," and that the bonds and stock issued pursuant thereto are unlawful and invalid. The complaint prays that the plan "be decreed and adjudged to be ultra vires," and that "all said bonds and preferred and common stock issued and used or applied by said Wabash Railroad Company for the purposes stated in said plan and scheme be decreed and adjudged illegal, void, and of no effect."

The Wabash Railroad Company is a nonresident, and removed the cause on the ground that there is a separable controversy between it and the plaintiff, to which the other defendants (mostly residents of this state) are not necessary parties. These additional parties are (1) the individual directors; (2) the trust company which is the registrar of stock of the railroad company; (3) the committee which represents the debenture holders in carrying out the plan; (4) the trust company in which debentures are to be deposited pending exchange; (5) the trustees named in the mortgage to secure the new 4 per cent. bonds; and (6) a single individual holder of debenture bonds. It is manifest that complainant can obtain complete relief without the presence of these additional parties. When he shall, by action against the Wabash Company, have established the proposition that the new bonds and stock are void, he need not concern himself with the re-exchange of such as may have been delivered. They will not constitute valid obligations against the railroad, and therefore will not affect the value of his stock. Individual holders of such of the new securities as have been issued may be allowed to intervene at the discretion of the court; but their presence is not essential to the determination of the fundamental issues raised by the complaint. It is difficult to escape the conviction that these additional "parties" have been brought into the case with the sole purpose of preventing, if possible, the removal of the cause.

The motion to remand is denied.