POLLITZ v. WABASH R. CO. et al.

(Circuit Court, S. D. New York.  April 7, 1910.)

1. JUDGMENT (§§ 299, 342*)—AMENDMENT—TIME—END OF TERM.
Courts of the United States have no power to vacate or amend their own judgments for errors of law or fact after the term.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 583, 668; Dec. Dig. §§ 299, 342.*]

2. JUDGMENT (§ 342*)—VACATION—JURISDICTION.
Where a federal court had no jurisdiction to render a judgment as subsequently determined by the Circuit Court of Appeals, the Circuit Court from which the appeal was taken had inherent power thereafter to vacate the judgment after the term and after the time to appeal had expired.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 668; Dec. Dig. § 342.*]

Suit by James Pollitz against the Wabash Railroad Company and others. On motion to vacate an order sustaining demurrer of the defendant Metropolitan Trust Company of New York, and a judgment dismissing the bill, and to reinstate that company as a defendant in the cause and remand it to the state court. Motion to vacate the judgment allowed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Stephen M. Yeaman and J. Aspinwall Hodge, for complainant.

Parsons, Closson & McIlvaine, for defendant Metropolitan Trust Company.

WARD, Circuit Judge. The complainant moves to vacate an order sustaining the demurrer of the defendant the Metropolitan Trust Company of the city of New York, and a judgment dismissing the bill as to it; also to reinstate the company as a defendant in the cause and remand it to the state court.

The material facts are as follows: February, 1907, the complainant moved to remand the cause, which motion was denied. 153 Fed. 941. Thereafter all the defendants demurred to the bill. The demurrers were overruled except that of the Metropolitan Trust Company; the bill being dismissed as to it January 10, 1908. From this judgment the complainant took no appeal, and his time to do so has long since expired. Thereafter the other defendants filed answers, and January 25, 1909, final judgment was entered dismissing the bill of complaint. From this judgment the complainant appealed to the Circuit Court of Appeals, which handed down a mandate directing the Circuit Court, among other things, to remand the cause to the Supreme Court of the state of New York. 176 Fed. 333. February 28, 1910, Judge Ray entered the order of the Circuit Court under the mandate against the defendants, who were parties to the record on the appeal to the Circuit Court of Appeals, specially providing that it should not apply to the defendant the Metropolitan Trust Company.

It is true, as counsel for the Metropolitan Trust Company contend, that courts of the United States have no power to vacate or amend their own judgments for errors of law or fact after the term has passed (Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797; Phillips v. Negley, 117 U. S. 665, 6 Sup. Ct. 901, 29 L. Ed. 1013), but all courts have the inherent power to vacate at any time their own judgments rendered without jurisdiction (Black on Judgments, § 307; Freeman on Judgments, § 98; Harris v. Hardeman, 14 How. 334, 14 L. Ed. 444; Kingsbury v. Buckner, 134 U. S. 650, 10 Sup. Ct. 638, 33 L. Ed. 1047; Shuford v. Cain, 1 Abb. U. S. 302, Fed. Cas. No. 12,823; United States v. Wallace [D. C.] 46 Fed. 569; Bruce v. Strickland, 47 Ala. 192; Baker v. Barclift, 76 Ala. 414; In re College Street, 11 R. I. 472).

Under the ruling of the Circuit Court of Appeals, the Circuit Court was without jurisdiction to render the judgment in question. It is too late for the complainant to appeal from it, and to allow it to stand and regulate the rights of the parties would be an absurdity. It must be treated as a nullity, and I will grant the motion to vacate it.

If the complainant thinks himself entitled to further relief, he must apply to the judge who entered the order to remand. Motion to vacate the judgment granted.