# R. L. POLK & COMPANY *v.* SMOLIK.

JUDGMENT; COURTS; DISMISSAL.

1. A court cannot reverse or annul its own final decree or judgment for errors of fact or law after the term at which it was rendered, unless for clerical mistakes or to reinstate a cause dismissed by mistake. (Following *Karrick* v. *Wetmore*, 25 App. D. C. 415, s. c. 205 U. S. 141.)

2. After the expiration of the term of the court at which a judgment dismissing an action for failure of the plaintiff to file a replication within the time prescribed by the rules of court, the court has no power to vacate the judgment of dismissal and reinstate the cause.

No. 2801.  Submitted October 4, 1915.  Decided November 1, 1915.

HEARING on an appeal by the defendant from an interlocutory order of the Supreme Court of the District of Columbia vacating a judgment dismissing an action and reinstating the cause.                                        *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal allowed by the court from an interlocutory order vacating the judgment of dismissal of a case and reinstating the same.

The original declaration was filed December 16, 1912, by Rosa B. Smolik against the defendant, R. L. Polk & Company, alleging that defendant was the publisher of a directory for the District of Columbia in the year 1912.

Plaintiff avers that she was on the day aforesaid the owner and inventor of a certain new and useful improvement in an apparatus for physical exercises, under a patent issued to her by the United States of America.

That she proposed to organize a company to sell and exploit her said invention, and for the further purpose of equipping buildings necessary for her said invention and business scheme.

She avers that to properly present her said invention it became necessary to advertise in such appropriate fashion as would present the merits of the same to the public and secure investments in her said enterprise; that she was influenced by the representations of the defendant that "Boyd's Directory," for the District of Columbia, for the year 1912, was a valuable and economical medium of advertising such enterprise in the District of Columbia.

Plaintiff avers that on January 29, 1912, the defendant notified the plaintiff in writing to call at his office and examine proof of her said advertisement with her picture included; that on or about the same date she called at said office of the defendant to examine the said proof, and when shown the same, to her chagrin and horror, the picture, purporting to be of her and appearing in said advertisement, was so blurred and blackened that it was impossible to distinguish whose picture it might be; plaintiff protested against said picture, and advised defendant that it was necessary for her protection and for the successful exploitation of her invention that the features in the picture should be brought out most clearly and distinctly; that she was contemplating getting up a circular, and desired to make references therein to her said advertisement in the directory; that for the purpose of identifying plaintiff's invention and enterprise from others, purporting to be of similar character, and to prevent fraud from being practised upon her, by those attempting to exploit similar enterprises, it was of vital importance to the plaintiff that her face and facial features should be clearly and distinctly revealed in her said advertisement; plaintiff advised the defendant of the importance of such, and emphasized the necessity for the defendant executing its work in such fashion as would not blacken, blur, or render obscure the face of the plaintiff in the said advertisement; whereupon the defendant promised the plaintiff that the work would be so executed that her face and facial features would be made clear and distinct, and requested her to call at defendant's office within about two weeks, when another and

correct proof would be ready, and one which would bring out distinctly the face and facial features of the plaintiff; plaintiff, according to the arrangements last aforesaid, again called, about two weeks later, to examine the proof then promised, and defendant then exhibited to plaintiff a proof of her said advertisement, which clearly and distinctly showed the face and facial features of the plaintiff therein, and delivered to plaintiff at said time a copy of said advertisement, and defendant then and there promised and assured the plaintiff that her picture, as it would appear in said directory, would be in all respects as clear and distinct as the copy which the defendant then and there delivered to the plaintiff; and plaintiff, relying upon the defendant's said promise, and believing in the good faith of the defendant, left the defendant's office in the full belief that her advertisement, when it would appear in the directories, would show a picture distinctly and clearly revealing the face and facial features of the plaintiff, and one that would not be blurred or blackened.

Plaintiff avers that it became and was the duty of the said defendant to exercise such due and proper care in printing, in its said directory, the plaintiff's said advertisement and picture as would clearly and distinctly reveal the facial features and characteristics of the plaintiff as aforesaid, and so as not to subject her to public ridicule, contempt, and indignity; that it became and was the duty of the said defendant to exercise such proper care in performing its work so as not to blur, blacken, or destroy the facial features and characteristics of the plaintiff's picture therein, and to execute its work in such fashion as would not detract either from the plaintiff's advertisement, enterprise, or scheme, or the picture of the plaintiff, and thereby render said advertisement valueless, or seriously injure, damage, or detract from the plaintiff's invention.

Plaintiff avers that notwithstanding its said undertaking, promise, and duties, but in violation thereof, and in total disregard of its said promise, defendant so negligently and carelessly executed and performed its said work that in a very large number of the directories, issued by it, for the year 1912,

to wit, about 90 per cent thereof, the plaintiff's picture was so blurred and blackened that her facial features were destroyed in said picture; and by reason thereof it became impossible to distinguish in said picture her features, or to judge whether she is colored or not, or to determine to what race or nationality she belongs; that the successful advertisement of plaintiff's enterprise in the District has been destroyed, and plaintiff has been exposed to public ridicule, shocked, grieved, and has suffered great mental anguish, etc., and great loss of time, labor, money, and profits from her enterprise in the sum of $35,000.

Defendant filed two pleas to said declaration, and plaintiff demurred thereto.

January 31, 1913, the demurrer was overruled with leave to plaintiff to amend her declaration as she may be advised within ten days from date.

March 12, 1913, defendant moved to dismiss the cause for reason that plaintiff had not filed a replication within the time prescribed by the rules of court, as appears in the record in this cause.

March 14, 1913, an order was entered dismissing the cause at plaintiff's cost.

This judgment was entered "satisfied" March 24, 1913.

May 16, 1913, plaintiff telegraphed to her then counsel for information as to her case, and received in reply a letter, of that date, stating that the court had sustained the objections made by the defendant and dismissed the declaration. Further, that he had an amended suit prepared to file in the cause so as to obviate the objections, but before filing this amended suit that he wanted to look up some authorities, as the case is a novel one.

January 26, 1915, plaintiff moved, through substitute counsel, to vacate the order made March 14, 1913, dismissing the cause, and to reinstate the same on the docket.

Defendant opposed the motion to reinstate, on the ground that the court had no power to grant the motion, because the term of court had expired before the motion to vacate was made.

The motion having been granted, defendant gave notice of appeal, and applied to this court therefor, which was granted.

*Mr. Howard Boyd* for the appellant.

*Mr. Thomas M. Baker* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Several terms of court had elapsed since the rendition of the original judgment of dismissal.

It was an error to grant the motion. "No principle is better settled, or of more universal application, that no court can reverse or annul its own final decrees or judgments for errors of fact or law after the term in which they have been rendered, unless for clerical mistakes; *   *   *   or to reinstate a cause dismissed by mistake." *Sibbald* v. *United States,* 12 Pet. 488–492, 9 L. ed. 1167–1169; *Phillips* v. *Negley,* 117 U. S. 665–674, 29 L. ed. 1013–1015, 6 Sup. Ct. Rep. 901; *Karrick* v. *Wetmore,* 25 App. D. C. 415–426; s. c. 205 U. S. 141–150, 51 L. ed. 745–748, 27 Sup. Ct. Rep. 434.

It was error to grant the motion vacating the judgment after the lapse of the term, and the order to that effect is reversed, with costs, and the cause remanded with direction to set aside the order vacating the former judgment.

*Reversed and remanded.*