UNITED STATES ex rel. ABILENE & S. RY. CO. v. INTERSTATE COMMERCE COMMISSION.

(Court of Appeals of the District of Columbia. Submitted October 6, 1925. Decided November 2, 1925.)

No. 4330.

**1. Courts ⟨⟩23—Jurisdiction cannot be conferred, either by admissions, stipulation, or otherwise.**

Jurisdiction cannot be conferred, either by admissions, stipulation, or otherwise, and where jurisdictional matter is involved court should consider it first to determine whether it has authority to proceed.

**2. Mandamus ⟨⟩29—Writ will not lie to compel Interstate Commerce Commission to ascertain and certify amount of operating deficit of railroad during period of federal control.**

Under Transportation Act 1920, § 204 (Comp. St. Ann. Supp. 1923, § 10071¼bbb), providing for payment to railroads not under federal control of operating deficits during such period, duty of Interstate Commerce Commission to ascertain and certify amount of such deficit to Secretary of Treasury is judicial, not ministerial, and courts are without authority to control it by mandamus.

**3. Mandamus ⟨⟩28—Exercise of judicial discretion cannot be controlled by writ of mandamus.**

Exercise of judicial discretion cannot be controlled by writ of mandamus.

**4. Mandamus ⟨⟩4(1)—Writ of mandamus cannot be made to serve purpose of writ of error.**

Writ of mandamus cannot be made to serve purpose of writ of error.

Appeal from Supreme Court of District of Columbia.

Suit by the United States, on the relation of the Abilene & Southern Railway Company, for writ of mandamus against the Interstate Commerce Commission. Judgment for defendant, and plaintiff appeals. Affirmed.

W. C. Hall and A. P. Thorne, Jr., both of Washington, D. C., for appellant.

P. J. Farrell, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant railway company appeals from a judgment of the Supreme Court of the District of Columbia denying a writ of mandamus against appellee, Interstate Commerce Commission, to require it to "ascertain the facts and to perform the duties required of

it by section 204 of the Transportation Act of 1920 (Comp. St. Ann. Supp. 1923, § 10071¼bbb), and specifically to ascertain the amount of the deficit in its railway operating income for the period from January 1, 1918, to July 1, 1918, during which the relator operated its own railroad or system of transportation, and to certify to the Secretary of the Treasury the amount payable to it under said section."

Section 204 of the Transportation Act of February 28, 1920 (41 Stat. 456), among other things, provides that any railroad "which, during any part of the period of federal control engaged as a common carrier in general transportation and competed for traffic, or connected, with a railroad under federal control, and which sustained a deficit in its railway operating income for that portion (as a whole) of the period of federal control during which it operated its own railroad or system of transportation," could on application to the Interstate Commerce Commission have the amount of deficit sustained during such period ascertained and determined. The duty was then imposed upon the Commission of certifying to the Secretary of the Treasury the amount so found, and payable to the carrier, when a warrant should be drawn in favor of the carrier upon the Treasury of the United States for the amount so certified.

The question here involved is whether or not the appellant railway company, during the period from January 1, 1918, to July 1, 1918, was under federal control. If it was not, it has been denied the right to have the amount of the deficit sustained by it during that period ascertained and determined by the Commission, and the amount so found certified to the Secretary of the Treasury for payment.

When the case came on for hearing before the Interstate Commerce Commission, it was heard upon the petition and exhibits, consisting of the presidental proclamation of December 26, 1917, taking over the railways and transportation lines as a war emergency, an agreement dated March 25, 1919, between appellant company and the Director General of Railroads, the rule to show cause, the answer of the Interstate Commerce Commission, the traverse to said answer, and certain evidence taken at the hearing, consisting of transcripts of hearings held December 1, 1922, and January 11, 1923, before the Interstate Commerce Commission, with certain exhibits introduced at the hearing and reports of the Commission. After full hearing and argument, the Commission held that

appellant railway company was under federal control during the period above stated, and that it could make no claim for compensation for a deficit under section 204 of the Transportation Act.

[1, 2] Counsel for appellant, in their brief, assert that "the jurisdiction of the court to issue the writ of mandamus as prayed for, was admitted by the pleadings." Jurisdiction cannot be conferred upon the court either by admissions, stipulation, or otherwise. Where a jurisdictional matter is involved, it is the duty of the court to consider it first, and determine whether or not there is authority to proceed. The statute here under consideration provides for the payment of a deficit to railroads not under federal operation; the deficit to be ascertained by the Interstate Commerce Commission in the manner provided in the Transportation Act. This duty imposed upon the Commission is judicial in character, calling for a determination, not only upon the facts arising in the particular case, but for an interpretation of the law applicable thereto. This, we think, calls for more than a mere ministerial act, to be performed by the Commission under express direction of law. It invokes the exercise of judicial discretion which cannot be controlled by the writ of mandamus.

[3, 4] To determine the matters raised by this appeal, the court is called upon to review the proceedings had before the commission, and to determine whether or not error was committed. To thus review the case in the present proceeding would amount to the conversion of the writ of mandamus into a writ of error. This, it has been universally held, cannot be done.

The judgment is affirmed, with costs.