172

United States Court of Appeals for the District of Columbia.

Argued April 5, 1934.

Decided June 18, 1934.

P. J. Sedgwick, of Washington, D. C., for plaintiff in error.

C. E. Ford and E. Russell Kelly, both of Washington, D. C., for defendants in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

Plaintiff in error sued defendants in error to recover damages for personal injuries sustained in an automobile accident. Defendants in error were duly summoned and appeared on the return day of the summons, but at their request a continuance was granted and the case set for trial April 4, 1932. On that day they failed to appear and, without objection on the part of plaintiff in error, the case was continued to April 21. On that date defendants in error again failed to appear, and on motion of plaintiff in error the case was set down for trial May 19, 1932. On May 19th plaintiff in error appeared in court with his witnesses, and on the calling of the case, defendants in error not responding, the case was tried and judgment entered against them in the sum of $500. On July 5, 1932, the term of court expired. Six months later the defendants in error obtained counsel and filed a motion to vacate the judgment. This motion was unacted on for six months, and at the end of that time an order was entered vacating the judgment. Plaintiff in error thereupon applied to this court for a writ of error, which we allowed. The only question is whether the trial court had the right to vacate and set aside its own final judgment, on a motion made six months after the term had ended and fourteen months after the entry of the judgment.

In the motion to vacate the judgment the stated grounds to excuse the nonappearance of defendants in error, when the case was set for trial, were that a few days before the time set for the first trial of the case they were advised by post card that the case would not be reached and they need not appear. They were not able to produce the post card, nor did they remember from whom it came. No fraud or overreaching is charged against plaintiff in error or his counsel.

The rules in relation to the terms of the Municipal Court fix the first Tuesday in January, April, July, and October, and provide that each term shall continue until the commencement of the next term. In a former case appealed to this court, we had occasion to say that no principle is better settled or of more universal application than the rule that a court cannot reverse or annul its own final decrees or judgments after the close of the term in which they have been rendered, unless for clerical errors or to reinstate a cause dismissed by mistake. Polk & Co. v. Smolik, 44 App. D. C. 55. This rule remains unchanged in the District of Columbia, and also, so far as we know, in all federal and, except where changed by statute, in all state courts, unless, perhaps, where it be clearly shown the judgment was obtained by fraud, or that it is necessary to correct some inaccuracy in matter of form, or set aside a clerical error, or that the defendant had died before the judgment, or some like matter not present here. As to all else, the expiration of the term at which the judgment is entered withdraws the judgment from control of the court. Bronson v. Schulten, 104 U. S. 410, 415, 26 L. Ed. 797; Hickman v. Fort Scott, 141 U. S. 415, 12 S. Ct. 9, 35 L. Ed. 775; Wetmore v. Karrick, 205 U. S. 141, 27 S. Ct. 434, 51 L. Ed. 745. The subject is fully dealt with in United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129, where Mr. Justice Hughes dis-

cusses the subject so fully that reference to the opinion in that case makes further discussion here unnecessary.

The order below is reversed, and the cause remanded, with instructions to reinstate the former judgment.

Reversed.