## FIDELITY & DEPOSIT CO. OF MARY-LAND v. HURLEY.

### No. 6016.

United States Court of Appeals for the District of Columbia.

Argued Feb. 7, 1934.

Decided June 25, 1934.

Rehearing Denied Sept. 26, 1934.

George E. Hamilton, John J. Hamilton, George E. Hamilton, Jr., and Henry R. Gower, all of Washington, D. C., for plaintiff in error.

Bion B. Libby, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

### PER CURIAM.

The case is this:

On June 26, 1929, defendant in error, Hurley, brought an action in the Municipal Court against Elkins Construction Company for some eight hundred odd dollars for labor and materials furnished it, and at the same time served a garnishment on Baird Company. Baird Company answered June 27, 1929, that there was due to Elkins Company the sum of $25,650. On July 8th Elkins Company filed a dissolution bond, with Fidelity & Deposit Company as surety, to release the attachment. On July 17th defendant in error took judgment against Elkins Company by default, and on July 22d secured an order of the court setting aside and vacating the order dissolving the garnishment, and on July 24th took judgment against the Baird Company, as garnishee, in respect to so much of the Elkins Company's credits in its hands as was necessary to pay the judgment. Thereafter, on August 5th, the court on motion of Baird Company set aside the judgment against it, and at the same time vacated the order of July 22d, which had in turn vacated the order of July 8th.

The result of these proceedings was to reinstate the bond in which plaintiff in error was surety and release the judgment against Baird Company on the garnishment. The effect was to leave, so far as the record is concerned, the judgment against Elkins Company undisturbed. Nothing further was done in the case until February 7, 1933, when on motion by defendant in error the Municipal Court, on May 16, 1933, entered judgment against the surety (plaintiff in error) on the release-attachment bond for the same amount as the judgment entered against Elkins Company three years and ten months prior thereto. We granted a writ of error to review this judgment.

Defendant in error concedes that only one final judgment can be entered in an action, the effect of which is to dispose of the case as to all parties, and also that, except for a clerical error and, perhaps, some other reasons not material here, a final judgment cannot be set aside after the expiration of the term, and with these concessions, states the question for our decision as follows: Was the failure to enter judgment against the surety on the undertaking given to dissolve the garnishment, at the time judgment by default was obtained against the defendant, a clerical error by force of section 455, Code of Laws of the District of Columbia? The section referred to (title 24, § 131, Code 1929) is as follows: " * * * If property or credits attached be released upon an undertaking given as aforesaid, and judgment in the action be rendered in favor of the plaintiff, it shall be a joint judgment against both the defendant and all persons in said undertaking for the

appraised value of the property or the amount of the credits."

Defendant in error argued that this language of the statute is mandatory and not permissive, and was, therefore, conclusive of the point that defendant in error sought judgment against both the principal defendant and the surety and that the clerk of the Municipal Court made an error in entering the judgment on the order book of the court. He argues, therefore, that the judgment appealed from is not a new judgment and, together with the original judgment, does not make two judgments, but that the new entry of judgment was done nunc pro tunc and merely corrected the error of the clerk in entering judgment only against the main defendant.

The argument is interesting, but not convincing. The chronological statement of the proceedings in the Municipal Court undoubtedly shows that the judgment taken in 1929 solely against the main defendant was deliberately and purposely so taken. On July 17th that judgment was taken by default, and five days later defendant in error secured an order from the court vacating the previous order which had substituted the bond for the attachment, and two days after this obtained judgment of condemnation against the garnishee for the amount of the judgment. The only possible inference from this is that defendant in error wanted judgment against the garnishee and not against the surety.

Without regard, therefore, to the question whether the statute is mandatory or permissive, we think that in taking judgment solely against the main defendant, together with the subsequent steps we have outlined against the garnishee, defendant in error waived his right to pursue his remedy against the surety. Originally he had a joint action against principal and surety. He deliberately chose to recover a judgment against the principal and to ignore the surety. It cannot be doubted that ordinarily this would be a waiver of his right to secure a joint judgment, and this action having been taken in 1929, he cannot, by force alone of the language of the statute, maintain his claim that what was done was of necessity a clerical error, for obviously it was not, and, as we have had occasion to say many times before, a court, having entered a final decree may not, after the term at which it is rendered, reverse it or annul it for errors of fact or law.

For the reasons we have assigned, the court below was in error, and the judgment appealed from is reversed and the cause remanded for further proceedings in accordance with this opinion.

Reversed.