**VERKOUTEREN et al. v. EDWARDS.**

No. 7997.

United States Court of Appeals for the District of Columbia.

Decided May 18, 1942.

Mr. Milton Kaplan, of Washington, D. C., for appellants.

Mr. Ben Lindas, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

PER CURIAM.

The complaint in this case was based upon a Maryland court judgment against defendant. The answer interposed two defenses, invalidity of the judgment and res judicata. The trial court, sitting without a jury, decided each issue adversely to defendant, and judgment was entered for plaintiff. In the same term, defendant filed motion for a new trial, "creating the same issues as at trial". In the same term this motion was overruled. In the succeeding term, defendant filed motion to vacate the judgment upon the ground that the Maryland court judgment was invalid. Plaintiff challenged the power of the court to vacate its judgment for the reason assigned, upon motion filed after the expiration of the term in which it was entered. The court vacated its judgment.

The question here is: After the expiration of the term in which a judgment is entered and becomes final, does the trial court have power to vacate it upon a ground urged as a defense in the answer and again presented to the court in a motion for new trial?

In Taliaferro v. Carter, 63 App.D.C. 304, 72 F.2d 172, we stated: "* * * a court cannot reverse or annul its own final decrees or judgments after the close of the term in which they have been rendered, unless for clerical errors or to reinstate a cause dismissed by mistake. Polk & Co. v. Smolik, 44 App.D.C. 55. * * * United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129."

This is not a case where a clerical error is involved, nor is it a case dismissed by mistake. The invalidity of the Maryland judgment was expressly relied upon as a defense to the complaint, and again expressly relied upon in the motion for a new trial. The court, with this issue clearly made, determined the case upon the merits and reaffirmed its conclusion in overruling the motion for new trial. Upon the ground assigned, the judgment may not be reversed or vacated by the trial court after the expiration of the term in which it was entered.

Reversed.