## MARVIN'S CREDIT, Inc., v. KITCHING et al.

### No. 138.

Municipal Court of Appeals for the District of Columbia.

Dec. 17, 1943.

Jack Politz, of Washington, D. C., for appellant.

Joseph D. Bulman, of Washington, D. C., for appellees.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

This is an appeal from an order vacating a default judgment, after the expiration of the term of court during which it was entered. Defendant's motion to vacate was supported by affidavits and plaintiff filed controverting affidavits. The trial judge reviewed the situation in a comprehensive memorandum, and granted the motion to vacate.

This was a class B suit[1] filed in the trial court on March 12, 1943, by Marvin's against Janie Kitching to recover $130.95, for the balance of the purchase price of a fur coat. On the same day, Janie Kitching sued Marvin's in the Small Claims Branch of the same Court to recover $29, representing payments made on the coat. The fit and quality of the coat were in dispute in both cases. Both cases were returnable on the same day. Mrs. Kitching's claim was returnable in the Small Claims Branch at 9:30 a. m. and the claim of Marvin's against her, at 10 a. m. in the Central Assignment Branch on the next floor above, in the same building. When the Small Claims case was called, plaintiff, accompanied by her husband, but without counsel, announced herself ready to proceed. Counsel for Marvin's informed the

---

[4] Fabianich v. Hart, D.C.Mun.App., 31 A.2d 881.

[5] Lindner v. District of Columbia, D. C.Mun.App., 32 A.2d 540.

[1] Civil actions in the Municipal Court fall into three groups: Class A, embracing claims over $500, and up to $3,000; Class B—cases involving $500 or less, down to $50; and Class C—Small Claims Court cases involving $50 or less.

judge that he was not ready for trial and asked for and obtained a continuance. To save plaintiff's husband further loss of time from his work, the case was continued to the next night session of the Small Claims Branch, five days hence.

Mrs. Kitching left the Municipal Court building and did not return until the continued date of the Small Claims case. The attorney for Marvin's immediately went upstairs to the Central Assignment Branch where he obtained a judgment by default in this case. Concerning the facts just recited there seems to be little or no dispute. There is, however, sharp conflict as to other facts. Mrs. Kitching in her affidavit contends that the attorney gave her the impression that the B case would be continued to the same date as the Small Claims case and tried with it, and that "he would take care of things" and notify her. The affidavit of plaintiff's attorney recites in part that when the Small Claims case was called he acquainted the judge with the pendency of the B case in the Central Assignment Branch and asked that the judge allow the two cases to be consolidated for trial. He claims (and in this he is supported by the affidavit of another attorney) that the judge insisted that the other case would have to be handled by the Central Assignment judge; that he informed the Small Claims judge that he was prepared only to try the larger case but was not prepared to try the Small Claims case, and that thereupon the Small Claims case was continued as above stated. He denied having had any conversation whatever with the defendant or her husband, but insists that he told the Small Claims judge in their presence that he "was proceeding with the Municipal Court case."

On the hearing of the motion to vacate it developed that when the Small Claims case was heard at the continued date at the night session, there was a trial on the merits, and judgment was entered in favor of Mrs. Kitching against Marvin's for the return of the $29 she had paid. It was then that for the first time Marvin's attorney announced that he had already obtained a default judgment in the class B case. He applied to this court for an appeal from the Small Claims judgment which we disallowed.[2]

Confronted with that confusing situation, Mrs. Kitching employed an attorney who filed in her behalf in the class B case the motion to vacate which has now become the subject of this appeal.[3]

In his memorandum the trial judge reviewed the whole picture and said: "The resulting situation is this: Marvins has a judgment [by default] for the balance due on the coat. Defendant has a judgment of the Small Claims Court [entered after trial] for the return of payments previously made on the same coat. Such Small Claims judgment was awarded on the theory that the coat was not as represented or that there had been a failure of consideration. Janie Kitching has physical possession of a coat she does not want and which she has offered repeatedly to return." (Bracketed words supplied by us.)

Though the term at which the judgment had been entered had expired, he decided that he should in fairness vacate the default judgment.

■ I. Plaintiff argues that the trial judge erroneously decided the motion to vacate on the basis of affidavits instead of taking testimony in open court. He cites us to no statute, rule of court, or decision that requires it; nor have we found any. Furthermore, the transcript reveals that he did not request that testimony be taken or object to submission on affidavits, until after the ruling had been made. Undoubtedly there may be many situations when motions of this type cannot be fully presented without oral testimony, but that is largely discretionary with the trial court. In view of what we are about to say, there was no necessity for taking testimony on the motion.

II. We do not question the general rule that a judgment may not be disturbed after the expiration of a term except for clerical error, fraud, surprise, or some like circumstance.[4] But the rule states its own exceptions. And the cases where the exceptions have been held to authorize re-

[2] In Small Claims cases there is no appeal of right; review is by application for appeal.

[3] Being a regular Municipal Court case, an appeal of right is provided by statute. Code 1940, 11—772.

[4] See United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Board of Children's Guardians v. Juvenile Court, 43 App.D.C. 599, Ann.Cas.1916E, 1019; Polk & Co. v. Smolik, 44 App.D.C. 55; Taliaferro v. Carter, 63 App.D.C. 304, 72 F.2d 172; Verkouteren v. Edwards, 76 U.S. App.D.C. 18, 128 F.2d 33.

opening a judgment after the term, are too numerous to list here.[5]

■ An attorney at law is held to standards stricter than those of a bare-knuckled antagonist. He is subject to certain familiar rules of conduct. He may not steal a march on an unwary opponent and fashion a judgment out of an advantage unfairly obtained. He is "an officer of the court, and, like the court itself, an instrument or agency to advance the ends of justice. His cooperation with the court [is] due, whenever justice would be imperiled if cooperation [be] withheld."[6] In this case counsel withheld cooperation by withholding vital information—information which the Central Assignment judge was entitled to have, concerning the pendency of the Small Claims case. For that reason alone the judge was correct in vacating the judgment, whatever he may have thought of the factual tangle presented by the affidavits. For it is clear that he would not have granted judgment had he known the facts.

Here a layman came into the Small Claims Court, prepared to press her claim for recovery of moneys paid for an unsatisfactory garment. A half-hour later, on the floor above, in the same building, the merchant's claim against her for the balance of the purchase price of the same garment was scheduled to be called. She may easily be forgiven for regarding both cases as one piece of litigation. When the attorney for the defendant announced that he was not ready to proceed, she had a right to believe that he was not ready in either of the cases. She was justified in leaving the building in the belief that both cases would be heard together at the continued date at the night session referred to.

True, the attorney claims he told the Small Claims judge of the pendency of the B case in the other branch of the Court; but that judge had no power to send the Small Claims case out of his branch.[7] Nor had he the power to hear the B case until it came to his branch upon certification. But Marvin's made no effort to secure such certification. Instead, it took a default judgment.

It is difficult to believe that Mrs. Kitching would press her Small Claims case and at the same time abandon her defense of the larger case. It is even more difficult to understand plaintiff's contention, unexplained as it is, that it was ready to try the B case but not prepared to proceed with the Small Claims case.

In all these circumstances, we hold that there was no real default by defendant and that no judgment should have been entered against her. Nor would it have been entered, had the judge been given the facts he was entitled to know. A judgment based upon such a misapprehension can not be permitted to stand.

That there was an element of sharp surprise in the case cannot be doubted; though the trial judge refrained from so characterizing it in his memorandum. Nor did he fasten an uglier label on the situation. Instead, with significant restraint, he said: "In such cases it is a temptation to say more than is necessary. I think I have said enough."

Affirmed.

---

[5] It is interesting to note the language of a distinguished Federal jurist, Chesnut, J., in United States v. Clatterbuck, 26 F. Supp. 297, 301: "The tendency in modern judicial procedure is to minimize or abandon the significance of the mere expiration of the term of court, as no longer having the importance attached to it under other conditions prevailing at common law."

The tendency to which he refers has become crystallized in new Federal Rule 6(c), 28 U.S.C.A. following section 723c.

In the Municipal Court itself such restrictions have been removed in the Small Claims Branch by Rule 26 and in the Landlord and Tenant Branch by Rule 13, both taken from the Federal Rule cited. Presumably a similar rule will be adopted for other civil cases in that court, pursuant to the direction of Congress in the Municipal Court Act of last year. (Code 1940, 11—756-b).

[6] People ex rel. Karlin v. Culkin, 248 N. Y. 465, 162 N.E. 487.

[7] Code 1940, 11—809.