**HEARN v. CROSS et al.**

No. 1036.

Municipal Court of Appeals for the District of Columbia.

Argued March 26, 1951.

Decided April 26, 1951.

---

286

Alton S. Bradford, Washington, D. C.,
A. Slater Clarke, Washington, D. C., on
the brief, for appellant.

Herman Miller, Washington, D. C., for
appellees.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Claiming to have been overcharged for
rent and meals, two tenants filed suit
against the owner of the Manchester
Apartments for double the amount of
such alleged overcharge. Code 1940, Supp.
VII, § 45–1610. The trial court disallowed
the claim for rent overcharge but held
that there had been an overcharge of
$120 for meals and awarded plaintiffs twice
that amount under the Rent Act section
above-cited. In appealing, defendant as-
serts that the judgment cannot stand be-
cause it is based on provisions of the Rent
Act which are not applicable to her.

The record contains no statement of
evidence and we must learn the facts from
a written memorandum filed by the trial
judge and from the records of the Rent
Administrator which were in evidence.
These reveal that the landlord operates
the Manchester Apartments consisting of
seventy-six units, some of which have been
rented for single and others for double
occupancy. The units are furnished and
supplied with hotel service. In the building
the landlord also operates a restaurant in
which meals have been furnished to tenants
on a monthly basis. On September 25,
1946 the landlord filed a claim with the
Administrator of Rent Control under the
Administrator's General Order No. 8
asking that the meal rate be increased
from the $27 then being charged to $30
per person per month and on October 15,
1946 a memorandum by a staff member
of the office recommended that, " 'Effective
November 1, 1946, the meal rate shall be
$30.00 per month per person for the serv-
ice of two meals per day, six days per
week, and that the room rates shall be
those set forth in Apartment House Sched-
ule 20,' that is, $50.00 monthly for double
occupancy." Thereafter, when price con-
trols on restaurants and hotels were lifted,
landlord increased the meal charge from
$30 to $35 without prior approval by the
Administrator, under the belief that an
application was unnecessary.

The trial court's memorandum states:
"The evidence showed that when the plain-
tiffs became tenants of the defendant on
March 15, 1948, they agreed to pay for
housing accommodations and for two meals
per day, six days per week, the sum of
$60.00 per person, of which sum $25.00
was allocated to the accommodations and
$35.00 to meals." The $5 per person
charge over the $30 figure set forth in
the memorandum from the Office of the
Administrator regarding meal charges was
the foundation for plaintiff's claim for
double damages.

The trial court found that the landlord had invoked the aid of the Administrator under General Order 8 to establish the $30 meal rate, and that defendant had "acquiesced in the memorandum" by signing it and by failing to pursue any other remedy[1] under the statute. The court found that landlord had consented to the adjudication of her rights by the Administrator, and ruled that plaintiff had established the existence of a service standard and that there had been an overcharge for which plaintiff was entitled to damages.

In effect the landlord argues here that the judgment was erroneous because it was based solely on a statutory penalty and that there is no statute which will support such a claim. She argues that the Rent Act fails "to reflect any authority to control meal charges" and "does not authorize any such penalty in regard to meal charges." She also claims that "neither the Rent Administrator nor the Trial Court could obtain jurisdiction by consent, acquiescence, inadvertence or silence * * since jurisdiction is lacking under the Rent Control Act." We agree that such is the law.

Jurisdiction is of course essential to any valid determination by administrative agencies and without it their acts and determinations are void. Such jurisdiction is in every instance dependent entirely upon statute.[2] Just as jurisdiction cannot be conferred on a court by acquiescence, agreement, or consent,[3] so it cannot be conferred on an administrative tribunal.[4] Consequently no action or inaction on the part of the landlord could subject either the person or the subject matter to the controls of the Rent Administrator.

In Hearn v. Cogswell, D.C.Mun.App., 68 A.2d 219, 221, a case involving this same apartment building, we said: "The Rent Act nowhere expressly authorizes control of meal charges. If, as the Administrator throughout this proceeding claimed, the meal rates were subject to control, such control *rests on the premise that furnishing of meals is a privilege or facility connected with the use and occupancy of the housing accommodations* and therefore a part of the service standard." (Emphasis supplied.)

Here the trial court did not hold that the furnishing of meals was "a privilege or facility connected with the use and occupancy of the housing accommodations." On the contrary, the judge's memorandum recites that "$25.00 was allocated to the accommodations and $35.00 to meals." We recognize of course that boarding-house accommodations were included in Section 11 of the Rent Act, Code 1940, Supp. VII, § 45–1611 (though on June 30, 1950 some furnished, non-housekeeping housing accommodations were decontrolled)[5] but any control over such accommodations would have to be predicated on the theory that the furnishing of meals was a facility embraced within the agreement for "housing accommodations." That is not the case here.

Hence the Administrator was without jurisdiction to control the meal charges between these parties. His determination of such charges was without validity in law and it was error to rule that there had been a statutory overcharge.

Reversed.

1. Code 1940, Supp. VII, § 45–1604.

2. 42 Am.Jur., Public Administrative Law, §§ 109, 156, 157. McLean v. Jephson, 123 N.Y. 142, 25 N.E. 409, Annotation 9 L.R.A. 493. See Doolan v. Carr, 125 U.S. 618, 8 S.Ct. 1228, 31 L.Ed. 844.

3. Woodmen of the World Life Ins. Ass'n v. Federal Communications Commission, 69 App.D.C. 87, 99 F.2d 122; United States ex rel. Tungsten Reef Mines Co. v. Ickes, 66 App.D.C. 3, 84 F.2d 257;

1425 F. St. Corporation v. Jardin, D.C. Mun.App., 53 A.2d 278; Yeager v. District of Columbia, D.C.Mun.App., 33 A.2d 629.

4. See United States ex rel. Abilene & S. Ry. Co. v. Interstate Commerce Commission, 56 App.D.C. 40, 8 F.2d 901,

5. Public Law 592, Chapter 428, 81st Congress, 2d Session, approved June 30, 1950, 64 Stat. 310, D.C.Code, 1940, § 45–1602.