**ALBERT v. BROWNELL.**

No. 13651.

United States Court of Appeals,
Ninth Circuit.

June 30, 1954.

Rehearing Denied Feb. 14, 1955.

Bodkin, Breslin & Luddy, Henry G. Bodkin, Leonard S. Janofsky, Los Angeles, Cal., Freidin & Littauer, Rudolph M. Littauer, Herbert Prashker, Shearman, Sterling & Wright, Walter K. Earle, New York City, for appellant.

Dallas S. Townsend, Asst. Atty. Gen., Paul V. Myron, Deputy Director, Office of Alien Property, George B. Searls, James D. Hill, John F. Cushman, Attys., Dept. of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Clyde C. Downing, Arline Martin, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS and FEE, Circuit Judges, and McCORMICK, District Judge.

JAMES ALGER FEE, Circuit Judge.

Plaintiff filed a complaint in which she set up that she is unmarried and not an "enemy" or "ally of enemy" within the meaning of Section 2 of the Trading with the Enemy Act, as amended.[1] She claims an "interest, right, or title" in certain property seized by the Alien Property Custodian and prays recovery thereof. She alleges in her first cause of action that on August 28, 1942, when by executive order such properties were vested in United States officials, she was the owner of certain shares of common stock of Resinous Products & Chemical Company, an American corporation, which stocks theretofore had been registered in the name of Chemie Holding, A.G., a Luxembourg corporation. In the alter-

---

1. "Any person not an enemy or ally of enemy claiming any interest, right, or title in any money or other property * * * if the claimant shall have filed the notice as above required * * * may institute a suit in equity * * * in the district court of the United States for the district in which such claimant resides * * *." 50 U.S.C.A.Appendix. § 9(a).

native second cause of action, after the allegation that she is not an enemy, she alleges that she had been prior to the vesting order and "is now the equitable and ultimate beneficial owner of * * * one-half (½) interest" in said property.

Defendant moved for summary judgment upon the complaint (which in each of its divisions concededly states a cause of action) and upon the following documents inter alia: Exhibit A, a certificate that Resinous was vested "as the property of Chemische Fabriken Dr. Kurt Albert, G.m.b.H."; Exhibit B, plaintiff's claim for return of property; Exhibit C, an affidavit of an alleged expert on the law of Luxembourg; Exhibit D, a certificate that no application for license had been filed by or license issued to plaintiff in the vesting office to authorize transfer of the Resinous stock; Exhibit F, instrument of dissolution of Chemie in Luxembourg; and Exhibit G, certification of decrees of the Grand Duchy of Luxembourg of February 28, 1940, and February 5, 1941, relating to administration of commercial and holding companies in time of war. A deposition of plaintiff as an adverse party was taken by defendant. A deposition of Alexander Paul Albert, although he was not a party to the case, was likewise taken by defendant. Each of these documents was considered on the motion. Plaintiff also filed an affidavit of another alleged expert as to the law of Luxembourg.

The Court made findings of fact, conclusions of law and entered a summary judgment dismissing the complaint and the action on the merits, D.C., 104 F. Supp. 891.

At the outset of the findings of fact, "the Court * * * finds that defendant has conceded, for the purpose of this motion only, that * * * the plaintiff is not an 'enemy or ally of enemy' within the meaning of Section 2 of the Trading with the Enemy Act, as amended," and is therefore not precluded from maintaining a suit under Section 9(a) of that Act.

■■■■ A finding that plaintiff is not an "enemy," explicitly and unqualifiedly expressed, is indispensable to the jurisdiction of the court to hear or determine the case.[2] An allegation to this effect occurred in the complaint and was essential to state a cause of action.[3] Since the language of this finding is hypothetical, and since a positive determination appears nowhere in the record, the facts necessary to give the court authority to enter a judgment do not appear therein. The parties cannot establish jurisdiction in a federal court by stipulation, consent or concession, if it be not a fact.[4] The judgment was void as against collateral attack, since it did not show jurisdiction on its face to determine the other questions presented.[5]

Nor is this a technicality. Counsel for defendant-appellee frankly states

2. "As federal courts never consciously act without jurisdiction, we hold that for want of the requisite jurisdictional averment that the plaintiff was not, at the time of the commencement of the action, an enemy or ally of enemy, the District Court was without jurisdiction to enter, and this court is without jurisdiction to review, the decree below." Garvin v. Kogler, 3 Cir., 272 F. 442, 444. Although, as in the case at bar, the Alien Property Custodian stipulated with plaintiff that he would interpose no defense to the claim as made, and contest only the transmutation of marks to dollars, the Court of Appeals dismissed the case on its own motion, although neither party raised the point.

3. Garvin v. Kogler, supra; Public Administrator of New York County v. Mc-

Grath, 104 F.Supp. 834; Miyuki Okihara v. Clark, D.C., 71 F.Supp. 319.

4. "* * * it would seem to be clear that the consent of the prosecuting officer could not alter the case; he was not a dispensing power to give or withhold jurisdiction." United States v. Mayer, 235 U.S. 55, 70, 35 S.Ct. 16, 20, 59 L. Ed. 129. "Jurisdiction cannot be conferred upon the court either by admissions, stipulation, or otherwise." United States ex rel. Abilene & S. R. Co. v. Interstate Commerce Commission, 56 App.D.C. 40, 8 F.2d 901, 902. "* * * or by inadvertence." John N. Price & Sons v. Maryland Casualty Co., D.C., 50 F.Supp. 319, 321. See also Macklin v. Kaiser Co., D.C., 69 F.Supp. 137.

5. A judgment based upon the consent of the parties may be collaterally attacked

that, if the case comes to trial, he intends to controvert this allegation of plaintiff. Indeed, it would seem there was serious question whether plaintiff was not an "enemy", since the record seems to show that plaintiff was a native of Germany, naturalized in this country in 1938, who returned to and made her home in Germany in 1940, and remained there until about November 26, 1943, when she went to Czechoslovakia, where she remained until after occupation by United States armed forces in 1945.

But we do not hold upon this question of fact.

It is superfluous to point out that the conditional admission illuminates a genuine issue of fact undetermined, which is essential to plaintiff's case, and therefore a motion for summary judgment would not lie.[6]

The summary judgment, findings and conclusions are vacated and set aside for lack of affirmative proof of the jurisdiction of the District Court.

### On Petition for Rehearing

This cause should have been tried upon the merits. There was a genuine issue of material fact as to whether plaintiff was an "enemy," which was a bar to entry of summary judgment. Plaintiff alleged and insisted she was "not an enemy." The government denied the allegation and never did agree to or admit the truth thereof. Although the finding of one genuine issue of material fact such as this is sufficient to prevent a summary judgment on all issues, we hold plaintiff was correct in the contention that there were other similar genuinely contested issues of fact. There are (1) the "right, title or interest" in this stock, which plaintiff claimed, (2) the law of Luxembourg, since the law of a foreign country is in a domestic forum a question of fact, and (3) the substantive terms of the agreement of April, 1940, between plaintiff and her brother.

The question whether plaintiff was a person entitled to bring the action was not only material, but jurisdictional. To maintain a suit against the federal government, one must bring himself clearly within the precise terms of a statute, both as to his qualifications as a person and as to possession of a cause of action. McMahon v. United States, 342 U.S. 25, 72 S.Ct. 17, 96 L.Ed. 26; United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; Klamath and Moadoc Tribes of Indians v. United States, 296 U.S. 244, 56 S.Ct. 212, 80 L.Ed. 202. See Note, 106 A.L.R. 215. In a suit against the sovereign, statutory capacity of claimant to sue is a jurisdictional prerequisite. A finding thereof is essential to the validity of the judgment on direct attack. As pointed out in the main opinion, the mere fact that judgments have become finalities without such findings is the result of the rule that on collateral attack the federal court is presumed to have found facts of its own jurisdiction. But here the findings prove that the court did not find the fact, but accepted a conditional concession thereof.

The jurisdiction of the federal courts can be indefinitely extended if conditional or fictitious factual concessions of the parties become the basis thereof. Attention is called to John Doe and Richard Roe, lessee, in common recovery, or the Bill of Middlesex.

The petition for rehearing is denied.

---

for lack of jurisdiction. United States ex rel. Tungsten Reef Mines Co. v. Ickes, 66 App.D.C. 3, 84 F.2d 257. In the present case, of course, the attack is direct and the authority of this Court is obvious. And the Court need not draw the line of distinction between this case and decisions which hold that, after a judgment has become a finality, the Court is held to have decided in favor of its jurisdiction unless the record shows it did not do so. Jackson v. Irving Trust Co., 311 U.S. 494, 61 S.Ct. 326, 85 L.Ed. 297.

6. Plaintiff also claims with some apparent merit that there were other genuine issues of fact upon which there should have been a trial.